(110 App. Div. 215.)

DOON v. AMERICAN SURETY CO.

(Supreme Court, Appellate Division, First Department.   December 30, 1905.)

1. PRINCIPAL AND SURETY—CHANGE OF OBLIGATION OF SURETY—RELEASE.

> Where a default judgment taken in an action for specific performance of a contract of a corporation to deliver certain bonds was opened on the giving of a bond conditioned on compliance with any judgment or decree rendered for the plaintiff, the amendment of the complaint after answer within the time allowed by Code Civ. Proc. § 542, so as to demand a money judgment instead of specific performance, did not release the surety on the bond from liability.
>
> Patterson and Houghton, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Hugh Doon against the American Surety Company. From a judgment in favor of plaintiff, defendant appeals.   Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and HOUGHTON, JJ.

Henry C. Wilcox, for appellant.
Herbert A. Heyn, for respondent.

McLAUGHLIN, J.   The plaintiff brought an action against the Castleton Water Supply Company to compel it to carry out an agreement to deliver to him bonds of the par value of $2,000.   The complaint in that action alleged that the plaintiff had paid to the water company the sum of $2,000 under its agreement to deliver to him its first mortgage bonds of the aggregate par value of $2,000.   The judgment demanded that the water company be decreed to specifically perform the agreement by delivering the bonds, and for such other relief as to the court might seem just.   The water company made default in pleading, and the plaintiff entered judgment against it, directing that it specifically perform.   After the judgment had been entered, the water company made a motion to open the default, and for leave to serve an answer.   The motion was granted, upon condition that it pay the costs of the motion and give a bond in the sum of $3,000 conditioned "that the defendant will comply with any judgment or decree rendered herein and pay all costs recovered by the

plaintiff." It gave the undertaking required, with the defendant as surety, which recited the fact that the action was brought to recover four bonds of $500 each; that judgment had been taken by default; that the default had been opened and the water company allowed to come in and defend and serve an answer on giving a bond conditioned that the defendant would comply with any judgment or decree that might be rendered in the action and pay all costs recovered by the plaintiff. Thereafter the water company served an answer, and subsequently served an amended answer, which set up as a defense that the bonds sought to be recovered could not be issued, or, if so, would not be valid under the deed of trust, unless each bond were authenticated by a certificate indorsed thereon by the trustee mentioned in the deed of trust, and also that no bonds were authorized or certified for the plaintiff pursuant to said provision of the deed of trust. After the amended answer had been served plaintiff, within the time specified in section 542 of the Code of Civil Procedure, served an amended complaint, in which he demanded judgment for the money paid to the water company for the bonds. Both the original and amended complaint alleged a breach of the same contract, the only difference being in the prayer for relief; the original complaint demanding a judgment for specific delivery of the bonds and for such other relief as the court might grant, while the amended complaint simply demanded a judgment for the money paid, with interest. The plaintiff had a recovery, and, the water company failing to comply with the judgment by payment, this action was brought against the surety upon the undertaking. Plaintiff had judgment, and the surety has appealed. It claims it has been released from its liability under the undertaking because the plaintiff amended his complaint by demanding a money judgment instead of specific performance, and in support of its claim invokes the rule, which it claims is applicable, that where a surety is sought to be made liable, if there has been any change in the condition upon which the liability depends, between the making of the undertaking and the action to recover, then the surety is released.

There can be no doubt about the rule that contracts of suretyship are to be strictly construed in favor of the surety; but it has been repeatedly held that contracts of suretyship are to be construed, like other contracts, so as to give effect to the intention of the parties, and, as stated by Judge Earl in People v. Backus, 117 N. Y., 196, 22 N. E. 759:

"In ascertaining that intention we are to read the language used by the parties in the light of the circumstances surrounding the execution of the instrument, and when we have thus ascertained their meaning we are to give it effect."

When this undertaking is construed in this way, then it seems to me clear that its purpose was to insure to the plaintiff the satisfaction by the water company, either by payment or otherwise, of any judgment which he might recover. The undertaking in question was conditioned that the defendant pay the costs and "comply with any judgment or decree rendered herein." The fact that the pleadings were amended did not change the condition of the undertaking, because the surety must have contracted with reference to the right of the plaintiff

to amend his complaint (after the defendant had served an answer) within the time specified in section 542 of the Code of Civil Procedure, as well as with reference to the power which the court had to permit an amendment. The undertaking was given subject to the exercise of this right and power. The complaint against the water company, while it demanded judgment for a specific performance of the agreement by delivery of the bonds, also contained a prayer for such other relief as to the court might seem just, and if at the conclusion of the trial it had appeared that the defendant could not specifically perform, then, the action being an equitable one, the court would have had the power to have given a judgment for damages—that is, that the water company repay the money which it had received. The condition of the undertaking is that the defendant would "comply with any judgment or decree" which might be rendered. It could only comply, in case a judgment for damages were recovered, by paying the judgment. The answer showed that the water company could not specifically perform, and then the complaint was amended, asking for a money judgment. If the appellant's contention were to prevail, then bonds given in actions, no matter for what cause, would serve little or no purpose, except to mislead the party in whose favor they were given.

The judgment and order appealed from should be affirmed, with costs.

O'BRIEN, P. J., and LAUGHLIN, J., concur. PATTERSON and HOUGHTON, JJ., dissent.