### COHEN v. AMERICAN SURETY CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. January 24, 1908.)

1. BANKRUPTCY—TRUSTEE—ASSIGNEE'S BOND—ACTION—CAPACITY TO SUE.

   A legally appointed trustee in bankruptcy had legal capacity to sue on the bond of the bankrupt's assignee for the benefit of creditors to recover an amount found due by the latter on an accounting in the court of bankruptcy.

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS—ASSIGNEE'S BOND—ACTION ON.

   Where an assignment for the benefit of creditors was valid when made, and the assignee executed a bond to duly account for all moneys received by him as such assignee, after which the assignment was vacated by proceedings in bankruptcy against the insolvent, and the assignee thereafter settled his account in the bankruptcy court, but failed to pay over the amount due to the trustee in bankruptcy as determined on such accounting, the trustee in bankruptcy, after having obtained leave from the state court to sue under Laws 1877, p. 545, c. 466, § 9, providing that an action on an assignee's bond may be prosecuted by a party in interest by leave of court, was entitled, without further action in the state court, to sue on the assignee's bond, and recover the amount due from such assignee for the benefit of the creditors of the bankrupt.

3. SAME.

   Where, after an assignment for the benefit of creditors, bankruptcy proceedings were instituted against the insolvent, the assignee was entitled to account in the bankruptcy court, which right would be presumed to have been impliedly written into the assignee's official bond so as to render the surety liable for the assignee's failure to comply with the judgment of the bankruptcy court in the accounting proceedings.

   Houghton and Scott, JJ., dissenting.

Appeal from Special Term.

Action by J. Quintus Cohen, as trustee of the estate of John T. Lee, bankrupt, against the American Surety Company of New York. From a final judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed. Demurrer overruled, with leave to answer.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Michel Kirtland, for appellant.

Henry C. Willcox (Charles M. Demond, of counsel), for respondent.

CLARKE, J. This is an appeal from a final judgment sustaining defendant's demurrer and dismissing the complaint, with costs. The

action was brought by plaintiff as trustee in bankruptcy of John T. Lee to recover from defendant, as surety on the bond of George Buckmaster, as assignee under a general assignment for the benefit of creditors of said Lee, $4,366.64, with interest, being the amount of a judgment recovered by plaintiff against said Buckmaster as such assignee, founded upon a final order or judgment in accounting proceedings instituted by said Buckmaster in the United States District Court for the Southern District of New York, praying that his accounts as such assignee be taken, stated and allowed. The complaint alleges the filing of a petition in bankruptcy by Lee on August 22, 1901, and adjudication on September 23, 1901, and the appointment and qualification of the plaintiff as trustee; that on May 9, 1901, said Lee made and delivered an assignment for the benefit of his creditors of all his property to George Buckmaster, then and since a nonresident of New York and a resident of New Jersey, who accepted the trust, and such assignment was duly filed and recorded in the office of the clerk of the county of New York; that the time for filing the schedules was extended from time to time and the schedules were filed on August 7, 1901; and thereupon the amount of the bond to be filed by him was fixed at $7,000; that on August 14, 1901, Buckmaster as principal, and defendant as surety, made and delivered their bond dated August 13, 1901, whereby they bound themselves jointly and severally to the people of the state of New York in the penal sum of $7,000, with the condition that if said George Buckmaster should faithfully execute and discharge the duties of such assignee, and duly account for all moneys received by him as such assignee, then the obligation to be void, else to remain in full force and virtue, which bond was duly approved and filed; that Buckmaster, as assignee for the benefit of creditors as aforesaid, received and took possession of a large amount of property and assets of said Lee, and no accounting has ever been had with respect thereto except as alleged in the complaint; that on or about January 22, 1902, Buckmaster duly filed in the United States District Court for the Southern District of New York a petition praying that his account as assignee for benefit of creditors of said Lee be taken, stated, and allowed, and such proceedings were duly had therein that on or about January 24, 1903, a final order or judgment was duly made and entered in said court, requiring and directing him forthwith to transfer and pay to this plaintiff, or his successor, as trustee of the estate of said Lee, the sum of $3,502.97, the amount found due from him to this plaintiff upon said accounting proceedings; that said order or judgment was not complied with and no part of such sum has been paid, and that the defendant herein had notice and knowledge of all these proceedings; that on December 5, 1906, plaintiff commenced an action in the Circuit Court of the United States for the District of New Jersey, in which state said Buckmaster then resided and now resides, and in February, 1907, judgment was duly entered and docketed against Buckmaster in favor of the plaintiff for $4,366.64, and execution was duly issued thereon and returned unsatisfied, and is still unpaid; that on March 20, 1907, on application of the plaintiff, an order was duly made and entered in this court authorizing and permitting plaintiff to maintain this action upon said bond,

given by Buckmaster and the defendant herein. The defendant demurred, first, because it appeared upon the face of the complaint that the plaintiff had no legal capacity to sue; second, because it appeared upon the face of the complaint that it did not contain facts sufficient to constitute a cause of action. The Special Term sustained the demurrer upon both grounds, and dismissed the complaint.

There is no merit in the objection that the plaintiff had no legal capacity to sue. He had legal capacity to sue, because he had been appointed trustee in bankruptcy by the United States District Court, and as such stood in the shoes of the creditors, and as such was entitled to take all legal and equitable steps to reduce to possession the estate of the bankrupt. The difference between legal capacity to sue and facts sufficient to constitute a cause of action was pointed out in Ward v. Petrie, 157 N. Y. 301, 51 N. E. 1002, 68 Am. St. Rep. 790, where the court said:

"There is a difference between capacity to sue, which is the right to come into court, and a cause of action, which is the right to relief in court. Incapacity to sue exists when there is some legal disability, such as infancy or lunacy, or a want of title in the plaintiff to the character in which he sues. The plaintiff was duly appointed receiver and has a legal capacity to sue as such, and hence could bring the defendants into court by the service of a summons upon them, even if he had no cause of action against them."

This case was cited with approval in Ullman v. Cameron, 186 N. Y. 339, 78 N. E. 1074, 116 Am. St. Rep. 553.

As to the second ground of demurrer, that the complaint did not state a cause of action, the respondent claims that the trustee in bankruptcy is a person occupying a position in hostility to the assignment under bankruptcy proceedings which have destroyed the assignment; that the surety, therefore, is not bound to respond to any orders or judgments against the assignee recovered by the trustee in such hostile proceedings; that it was not within the contemplation of the surety when the bond was signed that it would be liable unless appropriate proceedings were taken under the assignment law fixing liability upon the assignee. The respondent relies upon People v. Chalmers, 60 N. Y. 154. In that case the question as stated by the court was whether a surety upon a bond given by an assignee under a voluntary assignment for the benefit of creditors in pursuance of the statute (Laws 1860, p. 594, c. 348) is liable for the default of the principal to account for assets in his hands upon judgments in favor of certain creditors declaring the assignment void as to them, and directing the assignee to pay over the funds in his hands to apply on the same. The court pointed out that section 4 of the act referred to provides for an accounting before the county judge, and section 5 provides when the bond may be prosecuted, and said:

"This language clearly refers to the order or decree provided for in the fourth section to be made by the county judge on accounting or by an appellate court upon appeal from said order or decree."

The act of 1860 was repealed by chapter 466, p. 543, Laws 1877. Section 9 of this chapter provides simply that an action brought upon an assignee's bond may be prosecuted by a party in interest by leave of the court. In considering this change in the statute, and in view

of the decision in People v. Chalmers, Judge Shipman, in Adams v. Hyams (C. C.) 8 Fed. 417, 19 Blatchf. 487, said:

"Whatever construction may be given to the fifth section of the act of 1860, I do not think that an accounting before any specified court was made by the act of 1877 a prerequisite to an action against a surety."

In the Chalmers Case the court also said that:

"The statute was intended to protect the interests of creditors under valid assignments made for their benefit. * * * But it was not intended to secure the payment of assets upon judgments obtained in hostility to the assignment. The judgments obtained in behalf of the creditors prosecuting the bond declare the assignment void for fraud. As to them, the assignment was a nullity, and the judgments obtained by them are conclusive. It follows that they were not, and could not be, prejudiced by the assignment. It never for an instant placed the property beyond the reach of legal process. They might have levied upon it by execution, and the process of injunction and the appointment of a receiver were open to them. The remedies of creditors against a void assignment were ample, and no necessity existed for the intervention of the Legislature for the purpose of adding to them."

The respondent also cites Matter of Cantor, 31 App. Div. 19, 52 N. Y. Supp. 382, where this court held that moneys collected from a surety of an absconding assignee were not impressed with the lien of a judgment obtained by creditors setting aside the assignment for fraud, and that a substituted assignee who had collected said sums and had paid them over to said judgment creditors must account for said sum to the general creditors, and that the bond was not created for the benefit of such creditors, but the money collected thereunder must be applied under the assignment in satisfaction of all the debts of the assignor. There, again, was a case where creditors proceeded against an assignor as for fraud and attempted by their judgment to obtain special advantage in preference to the rest of the general creditors upon a bond given for the benefit of all the creditors. It seems to me that neither of these cases applies to the case at bar. Here there is not a judgment creditor who has procured the setting aside of an assignment upon the ground of fraud, seeking a personal advantage to himself in preference to the general creditors. The plaintiff is a trustee for all the creditors who made no attack upon the assignment, and he seeks to collect for the benefit of all the creditors. His title, his right of action, do not depend upon the determination that the assignment was fraudulent. As said by the Supreme Court of the United States, in Randolph v. Scruggs, 190 U. S. 533, 23 Sup. Ct. 710, 47 L. Ed. 1165:

"It is admitted that a general assignment for the benefit of creditors made within four months from the filing of a petition in bankruptcy is void as against the trustee in bankruptcy, so far as it interferes with his administering the property assigned. This could not be denied. * * * The assignment was not illegal. It was permitted by the law of the state, and cannot be taken to have been prohibited by the bankruptcy law in every event whether proceedings were instituted or not. It had no general fraudulent intent. It was voidable only in case bankruptcy proceedings should be begun. At the time when it was made the institution of such proceedings was uncertain. It seems to us that it would be a hard and subtle construction to say, as seems to have been thought in Bartlett v. Bramhall, 3 Gray (Mass.) 257, that when they were instituted, they not only avoided the assignment, but made it illegal by relation back to its date, when, if they had not been started, it would have

remained perfectly good. No doubt the corporation had notice of the bankruptcy law, but it could not go into bankruptcy by voluntary petition, and there is no objection to a debtor's distributing his property equally among his creditors of his own motion, if bankruptcy proceedings do not intervene. * * * The assignee is acting lawfully in what he does before proceedings in bankruptcy are begun, and, although it may be assumed that the avoidance of the assignment relates back to the date of the deed, still so far as his services, or services procured by him, tend to the preservation or benefit of the estate, the mere fiction of relation is not enough to forbid an allowance for him. * * * If beneficial services are allowed for, they are to be regarded as deductions from the property which the assignee is required to surrender, and in that way they gain a preference. We are not prepared to go further than to allow compensation for services which were beneficial to the estate."

In Adams v. Hyams, supra, the assignee for benefit of the creditors of a bankrupt was required to render an accounting of his proceedings in the United States District Court. A decree was entered therein requiring him to pay the assignee in bankruptcy about $15,000, from which no appeal was taken, and no part thereof paid. Execution having been returned unsatisfied, the assignee having gone to parts unknown, upon petition of the plaintiff as assignee in bankruptcy, an ex parte order was made by the chief justice of the court of common pleas of this state, granting leave to plaintiff as assignee in bankruptcy to prosecute the bond of the assignee for benefit of the creditors. Thereupon the plaintiff sued the surety in the United States Circuit Court, and the defendants insisted that they were not liable, that an accounting by the assignee before the court of common pleas was a prerequisite to bringing an action against the surety, relying upon the case of People v. Chalmers, supra. Judge Shipman said:

"In this case the assignment was not void as against creditors. It was valid when made, but by the decree in bankruptcy it became void as against the assignees in bankruptcy. By virtue of the assignment, a good title to the assigned property passed to the assignee, subject to be defeated by an assignee in bankruptcy, provided the assignment was made within the respective periods prior to the filing of the petition for an adjudication specified in the bankruptcy act in the case of voluntary or involuntary bankruptcy. The title of Bamberger had come to an end, and it was his duty certainly, after he had ascertained that fact by a judicial decree, to transfer the assets to the assignee in bankruptcy, in whom the title had become vested. For his default in not paying to the plaintiffs the balance of the trust funds in his hands, after deducting his fees and expenses, the sureties were responsible, provided the amount which was due had been found by the proper court. It seems to be clear that as between the plaintiffs and Bamberger the District Court had jurisdiction."

And, having held that the District Court was the proper court, he gave judgment for the plaintiffs.

Applying the principle laid down in the foregoing cases to the case at bar, here was an assignment, legal when made, under which the defendant gave a bond that the assignee should faithfully execute and discharge the duties of such assignee, and duly account for all moneys received by him as such assignee. The bond did not in terms provide in what court the accounting should be had, nor did the statute under which it was given. By virtue of the assignment and the bond, he took possession of the property for the benefit of all the creditors. He thereafter voluntarily sought the United States District Court, and

asked the said court to take and state his account. That account was taken, and he was ordered by said court to turn over the amount found in his hands to the trustee in bankruptcy, who represented all the creditors, and in whose hands alone the estate could legally be lodged, and in whom alone was vested any right to recover any portion of the estate. He failed to obey the order of the court. He therefore failed to duly account for all moneys received by him as such assignee. The giving of the bond was the means by which he got possession of the property. It was the promise of the defendant to answer for his conduct which allowed him to take such possession. The amount due has been judicially determined in a court of competent jurisdiction, and it does not seem to me that a liability could only be predicated upon an accounting in a state court. The provisions of law governing the subject-matter are to be read into the provisions of the bond. "The fact that the pleadings were amended did not change the condition of the undertaking, because the surety must have contracted with reference to the right ·of the plaintiff to amend his complaint (after the defendant had served an answer) within the time specified in section 542 of the Code of Civil Procedure, as well as with reference to the power which the court had to permit an amendment. The undertaking was given subject to the exercise of this right and power." Doon v. American Surety Co., 110 App. Div. 215, 97 N. Y. Supp. 270; affirmed, 186 N. Y. 598, 79 N. E. 1103. When the bond was given the bankruptcy law was in force, and the defendant must be held to have known that by the act of assigning for the benefit of creditors a situation arose under ·which bankruptcy proceedings could be instituted, and 'that, if instituted, jurisdiction of the estate passed to the United States Court, and that the assignee might there account, and therefore that contingency must be written in as part of the obligation which it assumed.

It seems to me, therefore, that the complaint states facts sufficient to constitute a cause of action, and therefore that the judgment appealed from should be reversed, with costs, and the demurrer overruled, with costs, with leave to the respondent, upon payment of such costs, to withdraw its demurrer, and to interpose an answer within 20 days after service of notice of entry of the judgment to be entered herein. All concur, except HOUGHTON and SCOTT, JJ., who dissent.

HOUGHTON, J. (dissenting). I agree that the plaintiff has capacity to sue, and that he has a cause of action as trustee against the defendant as surety for any misappropriation of the assigned estate by the assignee. I do not agree to the proposition that the defendant surety is bound by the decree of the bankruptcy court made upon the voluntary accounting of the assignee in that court. Very likely the bankruptcy court had sufficient jurisdiction, so that an accounting in that court bound the parties who voluntarily appeared and submitted themselves to its jurisdiction. The defendant, however, was not made a legal party to the accounting proceeding. The notice given was not sufficient to bind the defendant. The complaint herein is not framed as for an accounting of the funds coming to the hands of the assignee for whom the defendant was surety. Such an action would lie notwith-

standing the lack of a decree of any state court. An accounting in a state court and the rendering of a decree therein is not a prerequisite to an action for an accounting against the surety. An accounting could be had in the present action if the complaint were framed upon that theory. It is framed, however, upon the theory that the decree of the bankruptcy court upon the voluntary accounting of the assignee therein is binding and conclusive upon this defendant as surety. The cause of action set forth is upon the decree alone, and is in effect a suit upon a judgment.

When the defendant gave its undertaking to answer for the acts of the assignee, I think all it agreed to do, so far as being conclusively bound by decrees, was to abide without question any decree made by any state court having jurisdiction over assignments. These courts were the Supreme Court and the various County Courts of the state. Assignments for the benefit of creditors were and are regulated by state statutes. I do not think it can be said that the defendant by giving its undertaking into which these statutes must be fairly read consented that any court, foreign or federal, into which the assignee chose to go and account might make a binding and conclusive decree against it as surety. It is true the functions of the assignee ceased when bankruptcy was adjudged; but the assignment was good when made. The fact of its being superseded by the bankruptcy proceedings did not throw the assignment into the bankruptcy court. Nor did the assignment get into that court because the property in the hands of the assignee passed to the bankruptcy trustee. For the purposes of a binding accounting upon the surety, the assignment was still in the state court. The real contention in Adams v. Hyams (C. C.) 8 Fed. 417, 19 Blatchf. 487, seems to have been that an accounting and decree in a state court was a prerequisite to the maintaining of an action against the surety. To the holding that it was not I agree. To the further discussion and holding that the bankruptcy court could make a decree conclusive and binding upon the surety I do not agree. Nor was the judgment obtained against the assignee in the New Jersey court binding upon the defendant. The plaintiff cannot sue the surety upon that judgment as a binding or conclusive adjudication of the amount due.

For these reasons, I think the demurrer to the complaint was properly sustained, and should be affirmed.

SCOTT, J., concurs.