### POPPER v. SEUFERT et al.

(Supreme Court, Appellate Division, Third Department. November 29, 1911.)

1. REPLEVIN (§ 10*)—RIGHT OF ACTION—PROPERTY SUBJECT.

While ordinarily defendant must have possession of the property at the time replevin is commenced, one in possession of property without right cannot avoid the action by wrongfully transferring the property to another, though the transfer be made before the suit is brought.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 69–82; Dec. Dig. § 10.*]

2. JUDGMENT (§ 251*)—PLEADING.

Where defendant held the goods sought to be recovered in replevin for purpose of sale for plaintiff, any goods actually sold prior to the com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mencement of the action could not be recovered, and to reach the proceeds of these goods the action must be in contract or for conversion upon an allegation that the proceeds had been demanded and payment therefor refused, and hence a complaint in replevin, which alleges no refusal of defendant to pay over any proceeds on demand, will support a recovery for nothing more than the goods which were in defendant's possession at the commencement of the action, or the proceeds of those goods if the same cannot be found.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 251.*]

3. PLEADING (§ 248*)—AMENDMENT TO COMPLAINT—NEW CAUSE OF ACTION.

A complaint in replevin to recover property placed in the hands of a defendant for sale cannot be amended by inserting allegations that, after the demand for the proceeds of the property sold, the defendant wrongfully refused to surrender to plaintiff "the moneys received from the sale of said goods or any part thereof"; the effect of the amendment being to add a new cause of action for conversion of the proceeds of that part of the property which had been rightfully sold.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 686–709; Dec. Dig. § 248.*]

4. PRINCIPAL AND SURETY (§ 97*)—OPENING DEFAULT—CONDITIONS IMPOSED—LIABILITY ON BOND—AMENDMENT OF COMPLAINT.

Where, to secure the opening of a default judgment in replevin, the bondsmen of the defendant signed a bond conditioned on their paying any sum of money recovered, amendments to the pleadings would not change the condition of the undertaking, since the sureties must have contracted with reference to the right of the plaintiff to amend, and, though the plaintiff amends his complaint so as to permit a recovery for a money judgment for goods rightfully disposed of by the defendant before the commencement of the action, the sureties on the bond will not be released.

[Ed. Note.—For other cases, see Principal and Surety, Dec. Dig. § 97.*]

5. PRINCIPAL AND SURETY (§ 97*)—OPENING—LIABILITY ON BOND—FINAL JUDGMENT.

The condition of such bond being to pay any sum of money that should be awarded by the judgment, the fact that the judgment was not in form a replevin judgment will not release the sureties, since if erroneous it may be corrected by appeal.

[Ed. Note.—For other cases, see Principal and Surety, Dec. Dig. § 97.*]

Appeal from Trial Term, Fulton County.

Action by Henry Popper against Charles Seufert and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Mackie & Hall, for appellants.

D. H. Demarest, for respondent.

SMITH, P. J.   This appeal is from a judgment upon a bond given by defendants as a condition for the opening of a default which had been obtained by this plaintiff against one Franz Stoiber.  The complaint in that action alleged that in 1907 the plaintiff was the owner of certain gloves valued at $600;  that upon the 12th of December, 1907, these gloves were delivered to the defendant Stoiber, who was made the plaintiff's agent for the purpose of selling said goods for cash;  and it was further agreed that upon the 26th day of December, 1907,

the defendant should turn back to the plaintiff the goods which were unsold, and the cash which had been received for the balance which had been sold. The complaint then alleged that the plaintiff in January, 1908, called upon the defendant and demanded a return of said property and the moneys for such portions of said property as the defendant has sold, if any. "And the defendant refused to surrender to said plaintiff the possession of said goods, or any part thereof, and that said defendant has concealed, removed, or disposed of said chattels so that they cannot be found by the sheriff in the requisition to him herein, and with the intent that the same should not be so found." The prayer for relief was that plaintiff should have possession of said chattels, or the sum of $525, in case possession could not be given to plaintiff, and for the sum of $100 damages, with the costs of the action. In this action the defendant Stoiber was arrested, and these defendants signed a bond for his release. Upon the trial the defendant defaulted, and judgment in replevin was entered against him. Thereupon these defendants made application to open the default, which was opened upon the condition that the defendants give a bond to pay any sum of money that was recovered against Stoiber in that action. It will be noticed that this was not the usual bond given in a replevin action for the return of the property, or the payment of the sum that should be awarded in case a return could not be had, but a straight bond for the payment of any sum of money that should be recovered in that action. That action went to trial, and upon the trial the plaintiff was allowed to amend his complaint so as to allege a refusal of Stoiber to pay over the moneys that were due for the property that had been sold. This amendment was made as against the objection and exception of these defendants, who were defending that action. The case was submitted to the jury, and the jury rendered a verdict that the plaintiff was not entitled to the property, but was entitled to a money judgment for $690.18. Upon that judgment the usual money execution was issued against Stoiber, and returned nulla bona, and this action was then brought upon this bond. The defendants insisted upon this trial that they were not liable, because no judgment in replevin had been entered against Stoiber; and, secondly, that they were not liable because judgment had been entered upon an amended complaint, which stated a different cause of action from that stated in the complaint at the time the bond and undertaking was given.

[1] An action of replevin is an action to recover the possession of property. Ordinarily the defendant must have possession of the property at the commencement of the action, or the action will not lie. This is subject to certain exceptions, and one of them is stated in 34 Cyclopedia of Law, page 1398, as follows:

"There is a considerable conflict of opinion as to whether an exception to the general rule that replevin lies only where defendant was in actual or constructive possession at the commencement of the suit exists where defendant has *wrongfully parted* with the possession of the goods sued for before suit brought. In the lower courts of New York there were rulings both ways on the question. It was finally settled by the Court of Appeals, however, that one in possession of property without right cannot avoid the action of replevin

by *wrongfully* transferring the property to another, even though the transfer be made before suit brought."

To this is cited Nichols v. Michael, 23 N. Y. 264, 80 Am. Dec. 259, and other cases.

[2] It will be seen, therefore, that if any of these goods had been sold prior to the commencement of this action, they were rightfully sold under the authority of the plaintiff. An action in replevin then to recover all of these goods could not reach the proceeds of that part of the goods which had been rightfully sold. To reach those proceeds an action must have been brought in contract, or an action for conversion, after an allegation that the proceeds had been demanded and payment thereof refused. There was no allegation in this complaint of the refusal of the defendant to pay over any of the proceeds from the sale of any part of this property. This complaint, therefore, was purely an action in replevin, upon which the plaintiff could recover either the possession *of the property held at the time of the commencement of the action,* or the proceeds of that property, if it could not be found. [3] Upon the trial of the action against Stoiber the complaint was amended, by alleging that, after the demand for the proceeds of the property not sold, the defendant wrongfully refused to surrender to the plaintiff "the moneys received from sale of said goods or any part thereof." The effect of this amendment was to add to the action for replevin of the goods remaining in the defendant's possession at the time of the commencement of the action another cause of action for conversion of the proceeds from the sale of that part of the property which had been rightfully sold. The verdict of the jury was to the effect that the plaintiff could not have any of this property, but could have a money judgment therefor. The inference is irresistible and legal, either that the property had been sold outright by the plaintiff to Stoiber without a provision for its return, or that the property had been sold by Stoiber so that the title had passed, and Stoiber was made liable for the proceeds of property rightfully sold.

[4] Notwithstanding this change in the form of action, we are constrained by authority to hold that the surety is not released. In Doon v. American Surety Company, 110 App. Div. 215, 97 N. Y. Supp. 270, a surety on a bond given in an action for the specific performance of a contract, and conditioned "that the defendant will comply with any judgment or decree rendered herein and pay any and all costs recovered by the plaintiff, is liable to the plaintiff for a default of the defendant in paying a judgment for money damages after an amendment of the complaint within the time set by section 452 of the Code of Civil Procedure, which amendment asked for damages for a breach of said contract instead of the specific performance thereof." Justice McLaughlin in writing for the court says:

"The fact that the pleadings were amended did not change the condition of the undertaking because the surety must have contracted with reference to the right of the plaintiff to amend his complaint (after the defendant had served an answer) within the time specified in section 542 of the Code of Civil Procedure, as well as with reference to the power which the court had to

permit an amendment. The undertaking was given subject to the exercise of this right and power."

This decision was unanimously affirmed on opinion below in 186 N. Y. at page 598, 79 N. E. 1103. So, while deeming the amendment material and as introducing a new cause of action within the authorities cited, the defendants are still liable upon the undertaking.

[5] Nor can it matter to the defendant that the judgment was not in form a replevin judgment. The undertaking was given as the condition of a favor granted by the court in allowing a judgment by default to be opened. The terms of the granting of the favor were the giving of the undertaking to pay any sum of money that should be awarded by the judgment. If the judgment wrongly awarded a sum of money instead of the usual relief in a replevin action, that should have been corrected by an appeal therefrom. The obligation which this judgment enforced is the explicit obligation of the undertaking, and the defendants are not therefore harmed. The judgment should be affirmed with costs.

Judgment unanimously affirmed, with costs. All concur; KELLOGG, J., in result.