Austin, Nichols & Co., Inc., Respondent, v. Heermance Storage and Refrigerating Company, Defendant, Impleaded with Barnett O. Golding, Appellant.

First Department, January 20, 1922.

Replevin — action by buyer against seller to obtain possession of goods to be paid for on arrival at specified place — complaint must show right to immediate possession in plaintiff and wrongful withholding by defendant.

A complaint in a replevin action to recover possession of certain goods, which the defendant had contracted to sell the plaintiff and deliver at a specified place, cash to be paid upon arrival, which does not allege such delivery and payment, fails to show that the property in the goods had passed to the plaintiff; and without allegations of ownership and right to immediate possession in plaintiff and wrongful withholding by the defendant, does not state a cause of action.

Appeal by the defendant, Barnett O. Golding, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of March, 1921, denying defendant's motion for judgment on the pleadings consisting of an amended complaint and demurrer thereto.

*Teitelbaum & Jaykowsky* [*Gustave A. Teitelbaum* of counsel; *Louis Jaykowsky* with him on the brief], for the appellant.

*Ehlermann, Smyth & Abbott* [*George W. Smyth* of counsel], for the respondent.

Greenbaum, J.:

The action is brought in replevin to recover possession of 1,500 cases of raisins as the property of the plaintiff.

The complaint alleges an agreement between Golding and the California Associated Raisin Company for the purchase of 1,500 cases of raisins sold f. o. b. coast (meaning Pacific coast), destination New York, to be shipped to the order of the seller on credit of ten to thirty days; that the said raisins were thereafter shipped to the defendant Golding and paid for; that on or about the 6th day of October, 1919, at the city of New York plaintiff and defendant entered into a contract in writing whereby defendant sold the aforementioned

raisins to the plaintiff. The contract provided: " Terms: Cash less one percent on arrival.  *  *  *  It is further agreed that seller is to deliver goods to Brooklyn Terminal and buyer is to pay additional 5c per 100 packages cartage. .It is understood and agreed that buyers are purchasing this quantity of goods which is now in transit and since September 25th, 1919. Car. No. OWRRN 15735 Routing SP UP C & NW NYC St. Johns Station. This is a resale of a specific quantity of goods under a specific contract."

The complaint also alleges that the raisins duly arrived at St. John's Station. New York city, on January 17, 1920, and that the defendant Golding failed to notify plaintiff of such arrival and refused to advise plaintiff as to what arrangement would be made to deliver them to the plaintiff under the contract; that on January 19, 1920, the defendant caused to be presented to the plaintiff through the Bank of the United States a sight draft for the sum of $12,438.03 and demanded payment thereof, and that no documents were attached to the sight draft, and especially that there was no bill of lading, invoice or delivery order attached which would enable the plaintiff to obtain delivery or possession of said merchandise.

It is then further alleged: That the plaintiff immediately advised the defendant Golding that the said draft had been presented and payment thereof demanded and that the necessary documents to enable the plaintiff to secure possession of said merchandise were not attached to said draft, and requested the said defendant to give the plaintiff a sampling order whereby the plaintiff might be enabled to sample the said raisins to ascertain whether they were of the kind and description referred to in the said contract, Exhibit " B," and offered to pay the draft with proper documents attached as soon as a sample could be taken and passed on, and thereupon wrote to the defendant Golding a letter, a copy of which is annexed to the complaint as Exhibit " C," reciting the circumstances concerning the presentation of the draft, the unsuccessful efforts of the plaintiff to get into personal touch with the defendant Golding, and offering to take up the draft with proper documents as soon as an examination could be made; that although said advice and offer was communicated by the plaintiff to the defendant Golding both orally and in

writing on January 19, 1920, defendant Golding refused and neglected to furnish a sample order or to attach the said draft or otherwise furnish the proper and necessary documents to enable the plaintiff to obtain possession of the said merchandise, and refused to give the plaintiff any information whatever regarding the said merchandise or to state how possession or examination thereof by the plaintiff might be obtained, or to make any reply whatever to plaintiff's said communications or demands; that on January 19 and 20, 1920, defendant Golding secretly and surreptitiously and without the knowledge or consent of the plaintiff caused to be removed from the St. John's Station and placed in the warehouse of the defendant Heermance Storage and Warehouse Refrigerating Company nine hundred cases of the raisins above referred to, and refused and neglected to furnish to the plaintiff at any time any bill of lading, proper invoice, delivery order or sampling order to enable plaintiff to obtain possession or examination of the merchandise, and neglected and expressly refused to give to the plaintiff any information whatever as to the disposition which the defendant Golding was then making or attempting to make of the said raisins, refused to afford the plaintiff any opportunity to secure possession and control of the said raisins or to obtain examination thereof or documents which would entitle the plaintiff to the possession thereof intending wrongfully to gain possession thereof for himself and wrongfully to convert the same to his own use; that the defendant Golding did then and there wrongfully withhold from the plaintiff the possession of the said nine hundred cases, the property of the plaintiff, and to the possession of which the plaintiff was then and there entitled, and wrongfully converted the same to his own use by depositing the same in the warehouse and refusing to deliver the same to the plaintiff. That at the time of the commencement of this action said raisins were wrongfully kept and held by the Heermance Storage and Warehouse Refrigerating Company from the plaintiff as the agent or bailee and at the direction of the defendant Golding; that both the defendants prior to the commencement of this action refused to deliver the said merchandise to the plaintiff herein although due demand therefor was made upon the defendants by the plaintiff; that the defendant

Golding wrongfully claimed to be the owner of and entitled to the possession of the said merchandise.

The underlying question is: Was the plaintiff entitled to the possession of the goods so as to permit it to bring an action in replevin against the defendant Golding? There can be no doubt from the pleadings that the defendant had acquired title to and possession of the merchandise from the California Associated Raisin Company. The obligation being upon defendant to deliver the goods to plaintiff at the " Brooklyn Terminal," the property therein would not pass to the buyer until the goods had been " delivered to the buyer or reached the place agreed upon," unless a different intention appears. (Pers. Prop. Law, § 100, rule 5, as added by Laws of 1911, chap. 571.) No such different intention here appears, hence the property in the goods never passed to the plaintiff.

As its authority for the maintenance of an action in replevin, plaintiff relies on section 147 of the Personal Property Law (as added by Laws of 1911, chap. 571), which reads: " Where the property in the goods has passed to the buyer and the seller wrongfully neglects or refuses to deliver the goods, the buyer may maintain any action allowed by law to the owner of goods of similar kind when wrongfully converted or withheld."

It is thus incumbent upon the plaintiff to allege not only that the property in the goods passed to it, but further that it is entitled to the possession of the goods and that they were wrongfully withheld by the defendant. The complaint is barren of any allegation of fact showing that plaintiff is entitled to the possession of the goods or that having title thereto the possession has been wrongfully withheld by the defendant. The contract expressly provides that the plaintiff was to pay cash for the goods " on arrival." There is no allegation of payment for the goods, and since there is no such allegation the plaintiff never became entitled to the possession thereof, even though facts were shown which would permit it to maintain an action for damages as for the breach. The right to replevin implies the right to immediate possession of the goods sought to be replevied. The defendant was lawfully possessed of the goods, and hence under the circumstances no action in replevin would lie against him.

The order appealed from must be reversed, with ten dollars costs and disbursements, and defendant's motion for judgment on the pleadings is granted, with ten dollars costs, with leave, however, to the plaintiff to serve an amended complaint upon payment of said costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint on payment of said costs.