SUNSET HOLDING CORPORATION, Plaintiff, *v.* HOME TITLE INSURANCE COMPANY, Defendant.

Supreme Court, Trial Term, Kings County, November 29, 1939.

*Sydney Rosenthal* [*Sydney Rosenthal* and *Benjamin J. Jacobson* of counsel], for the plaintiff.

*Corner, Bell, Russell & McNulty* [*Clarence F. Corner* of counsel], for the defendant.

KADIEN, J. This action was commenced in September, 1930, to recover the sum of $20,142.99 damages. It was alleged, in substance, that the plaintiff employed the defendant to examine and insure the title to certain premises which it had contracted to purchase pursuant to a contract dated March 17, 1926, for which it agreed to pay the defendant its customary and reasonable fees for such examination and insurance; that the defendant thereafter made a title report to the plaintiff, in reliance upon which the plaintiff performed its contract to purchase said premises; that thereafter plaintiff discovered that at the time of the conveyance, its grantor did not have and did not convey to it, title to a part of the premises, so that plaintiff had acquired, under said conveyance, a plot of land less in size, area, value, and unavailable as an apartment house site. The action was tried in October, 1932, and resulted in a dismissal of the complaint without prejudice, the court stating in its opinion " that a title company in all matters relating to conveyancing is under the same duties and responsibilities as an individual attorney  *  *  *  that an attorney is only liable for negligence or misconduct in the examination of title;" that the complaint in " this action is on the theory of a breach of the conditions of the title policy and not in tort for the negligence of the defendant," and that " *there is no allegation in the complaint that the defendant was careless and negligent in the examination of the title and misled plaintiff to its damage.*" (N. Y. L. J. Feb. 7, 1933, p. 783.)  (Italics mine.)

The plaintiff appealed. The Appellate Division, by an order dated July 3, 1934, " reversed the judgment on the law and the facts and granted a new trial, costs to the appellant to abide the event," stating, in a memorandum opinion (242 App. Div. 699): " In our opinion the plaintiff proved a cause of action for damages by reason of defendant's negligence in the examination of the title in question (*Glyn* v. *Title Guarantee & Trust Co.*, 132 App. Div. 859), and the complaint should have been amended to conform to the proof.  Findings of fact and conclusions of law inconsistent with this decision are reversed. YOUNG, CARSWELL, SCUDDER and DAVIS, JJ., concur; HAGARTY, J., dissents

and votes to affirm on the ground that the action is on the policy, and that there can be no recovery on that theory. Assuming that the complaint had been amended to conform to the proof setting forth a cause of action for negligence as suggested in the prevailing memorandum, such action would seem to be barred by the Statute of Limitations." A motion for reargument was denied. (242 App. Div. 778.) No further steps were taken by either of the parties until April, 1939, when the defendant moved to dismiss the complaint for lack of prosecution. This motion was denied on condition that the plaintiff restore and diligently prosecute the action when reached. The case was, accordingly, restored and reached for trial on September 27, 1939. At such trial the Appellate Division record of the prior trial was submitted to the court by stipulation, with the same force and effect as if the same witnesses took the stand and testified. The defendant made a blanket objection to the introduction of evidence to which it would have objected if the hearing were held. The plaintiff moved to conform the pleadings to the proof on the ground set forth in the decision of the Appellate Division. The defendant objected to said motion, contending that under the decision of the Appellate Division a motion should have been made to amend the complaint before any testimony in the action was taken, and not at the end of plaintiff's case. The court overruled the objection, granted the motion as made by the plaintiff, and, over the objection of the plaintiff, granted the motion of the defendant to amend its answer so as to plead the Statute of Limitations as an affirmative defense.

It is upon the foregoing that a determination herein must be made.

The plaintiff contends that upon this record it is entitled to damages by reason of the defendant's negligence in the examination of the title in question in that it omitted to apprise the plaintiff that the plot of land which it was purchasing did not have the dimensions and area specified in the contract of purchase.

The defendant contends that the complaint as pleaded was in contract and not in tort; that the amendment of the complaint to conform to the proof set up a cause of action in negligence, and thus substituted a new cause of action upon a different theory; that inasmuch as this new cause of action was first pleaded on September 27, 1939, the date of trial, when the plaintiff moved to conform the pleading to the proof, the Statute of Limitations is a complete defense to such new cause of action, in view of the fact that thirteen years have elapsed since the cause of action arose in June, 1926.

The wrongful conduct with which the defendant was charged is the same whether the action be in tort or contract, and the defendant knew at all times of what plaintiff was complaining. The action was brought to shift the burden engendered by that wrongful conduct, and the amendment of the complaint at the trial, to conform to the proof, only expanded and amplified the original cause of action; it asserted an additional theory of recovery based upon the *same* wrongful conduct on the part of the defendant, *originally* charged, and not a different obligation as to which the Statute of Limitations had tolled. It was not equivalent to the commencement of a new action, so as to render it subject to the tolling of the Statute of Limitations pleaded by the defendant. (*Harriss* v. *Tams*, 258 N. Y. 229, 240; *Seaboard Airline R.* v. *Renn*, 241 U. S. 290, 293; *New York Central & H. R. R. R. Co.* v. *Kinney*, 260 id. 340, 346; *Clinchfield R. Co.* v. *Dunn*, 40 F. [2d] 586.)

Upon the facts adduced at the trial the court finds that the defendant negligently failed to apprise the plaintiff of the fact that the land it was buying did not have the dimensions and area described in the contract of purchase. The title report to the plaintiff, in reliance upon which it performed its contract and received the deed of conveyance, did not inform the plaintiff of any deficiency in the dimensions or the area. Indeed, said title report contained a diagram showing the plot having the dimensions set forth in the contract, as well as a description of the premises and a statement: " *The description contained in closing deed covers the identical property above described.*" Under these circumstances the plaintiff is entitled to recover.

Each party produced an expert at the trial on the question of damages. The plaintiff's expert testified that the fair and reasonable value of the property having the dimensions and area that plaintiff contracted to purchase was $27,874 in June, 1926. The defendant's expert testified that said property had a value of $27,856 in June, 1926. Thus, both were substantially in accord as to the original value of the property. The area upon which such valuations are based is 12,662 square feet. In order to arrive at the full fee value thereof, this area was multiplied by two dollars a square foot, to which was added ten per cent for plottage.

The experts disagreed as to the value of the property as shown by the reduced dimensions, the plaintiff's expert testifying that the value was $9,339, and the defendant's expert testifying that the value was $25,390; that the area resulting from the reduced dimensions was 11,541 square feet, or a loss of 1,121 square feet. The wide discrepancy in value is the result of the disagreement of the two experts as to the availability of the reduced area for apart-

ment house purposes. Plaintiff's expert testified that it was not available for an apartment house, but only for two-family dwellings. Defendant's expert testified that the site was available for an apartment house development, though not as large.

A careful consideration of the testimony leads the court to the conclusion that as of June, 1926, the loss of 1,121 square feet in the rear of the plot in question, having a frontage of 125 feet, did not destroy its availability as an apartment house site, but merely impaired it to the extent that a smaller apartment house could be built. In the opinion of the court the value of the area lost and the consequential damages by reason of such impairment is the sum of $3,500, which the plaintiff is entitled to recover. In addition, it is entitled to recover from the defendant, with interest, the judgment of $1,601.20, rendered against this plaintiff in an action brought by one Hyman Belovin by reason of the defect of title hereinbefore described, less the down payment of $700; the sum of $125.20, the amount of the referee's fee and expense of publishing the notice of sale; the sum of $500 expended for counsel fees and expenses in defending said action; and the sum of $350, expended by plaintiff for broker's commissions in connection with the sale to Belovin.

Accordingly, the court renders a verdict pursuant to the stipulation on page 45 of the record in favor of the plaintiff and against the defendant in the sum of $5,376.40, with interest as aforesaid.