INTERNATIONAL IMPORT & EXPORT CORP., Plaintiff, *v.* SAM EPSTEIN, Doing Business under the Name of MODERN SEWING MACHINE Co., Defendant.

Supreme Court, Trial Term, New York County, April 8, 1947.

*Bobowick & Bobowick* for plaintiff.

*H. Robert Levine* for defendant.

BENVENGA, J. Action in replevin to recover possession of certain sewing machines or, in the alternative, damages in the sum of $3,400.

The complaint alleges and the evidence establishes that, on October 24, 1946, defendant was the owner of fifty Singer sewing machines; that, on that day, one Dratfield, for and on behalf of plaintiff, paid defendant the sum of $3,400 for the fifty Singer sewing machines; that, although plaintiff repeatedly demanded possession, defendant refused to deliver the machines to plaintiff. After the trial, plaintiff moved to amend the complaint so as to allege a cause of action for money had and received. The question presented is whether the amendment is permissible.

Replevin is strictly a possessory action. It is founded on the general or special property of the plaintiff in the specific property and his consequent right to its possession (*Hofferman* v. *Simmons,* 290 N. Y. 449, 455; *Roach* v. *Curtis,* 191 N. Y. 387, 390). " The primary object of the action is the recovery of the property itself with damages for the taking and detention, and secondarily the recovery of a sum of money equivalent to the value of the property taken and detained, with interest thereon." (54 C. J., Replevin, § 4, p. 419.) Accordingly, unless plaintiff has such general or special property and the right to immediate possession, the action does not lie (*Hofferman* v. *Simmons, supra,* p. 456; *Austin, Nichols & Co., Inc.,* v. *Heermance S. & R. Co.,* 199 App. Div. 626, 629).

Apparently, realizing the weakness of its position, plaintiff has moved that the complaint be amended so as to add the new cause of action. True, as plaintiff asserts, the right to amend is as liberally accorded in replevin actions as in other causes of action, and that the complaint may be amended to conform to the proof (*Nichols* v. *Scranton Steel Co.,* 137 N. Y. 471, 481; *Conklin* v. *McCauley,* 41 App. Div. 452, 455; *Button* v. *Lusk,* 57 Hun 589, opinion in 10 N. Y. S. 582, 583). But the right of amendment does not exist if the effect is to introduce an entirely different cause of action or substantially change the cause of action stated in the complaint (*National S. S. Co.* v. *Sheahan,* 122 N. Y. 461; *Nichols* v. *Scranton Steel Co., supra; Ryerson & Son, Inc.,* v. *O'Donnell, Inc.,* 279 N. Y. 109, 116–117; *Popper* v. *Seufert,* 147 App. Div. 371, 373–374; see, also, 54 C. J., Replevin, pp. 419, 421). Since a party must recover not only according to his proofs but according to his pleadings (*Walrath* v. *Hanover Fire Ins. Co.,* 216 N. Y. 220, 225; *Garfinkel & Steinberg Corp.* v. *Bandlers Sutphin, Inc.,* 252 App. Div. 858, 859), the complaint must be dismissed without prejudice to any other remedy the plaintiff may have.