Benjamin Brenner, J.
Motion to amend a complaint in an action for personal injuries due to an alleged assault claimed to have been committed by the operator of defendant’s trolley.
The proposed amended complaint sets forth a new cause of action based on facts disclosed in an examination before trial held in April of this year. It is founded upon the theory that the motorman was incompetent, unreliable and had on prior occasions assaulted other passengers and that the defendant had, or should have had, knowledge of the motorman’s propensities. The defendant contends that a new and different cause of action is proposed which would be barred by the Statute of Limitations if it were newly begun. Though the court has no power to allow an entirely different cause of action by way of amendment (International Import & Export Corp. v. Epstein, 189 Misc. 401), it is frequently allowed where the additional theory of recovery is based upon the same wrongful conduct as was charged in the complaint (Harriss v. Tams, 258 N. Y. 229; Sunset Holding Corp. v. Home Title Ins. Co., 172 Misc. 759).
The problem whether a cause of action first asserted in an amended complaint is deemed the commencement of a new action is well posed in Lewis v. Wilson & Co. (275 App. Div. 9-12) as follows: ‘ ‘ There is no exact and invariable formula to apply to a solution of this problem. The general test is whether the amendment substitutes an entirely new obligation or liability. If it merely expands or amplifies a cause of action already asserted, although defectively pleaded, it may be said to relate back to the commencement of the action and is then not affected by the intervening lapse of time (Harriss v. Tams, supra; Seaboard Air Line Ry. v. Renn, 241 U. S. 290). To some extent the cases cited indicate that the determination of such a problem ought to be made pragmatically, based on consideration of fairness. And there is strong ground to support a proposition that a liberal rule should be applied in favor of the pleader (New *537 York Central & Hudson River R.R. Co. v. Kinney, 260 U. S. 340; Friederichsen v. Renard, 247 U. S. 207).”
The trend, therefore, is to allow the amendment for the addition of a new cause and not equate such amendment with the commencement of a new action, if the additional theory of recovery is based upon the same wrongful conduct as was charged in the original complaint (Harriss v. Tams, 258 N. Y. 229, supra; Sunset Holding Corp. v. Home Title Ins. Co., 172 Misc. 759, supra) and if the defendant is in no way prejudiced. The motion to amend is granted. Service of the amended pleading is without prejudice to the present joinder of issue. The defendant shall have 20 days to answer or otherwise move with respect thereto.
Settle order on notice.