Isidor Wasservogel.
Spec. Eef. This is an action to recover damages for the alleged breach of an oral contract of employment.
The amended complaint alleges that defendant employed plaintiff as the manager of its Delsey Fabrics Division for the duration of a lease to certain premises occupied by said division in New York City. It is plaintiff’s contention that while the lease was still in effect, defendant discharged him without justification and in violation of the terms of the oral agreement. Plaintiff’s claim is supported by the testimony of one Jahn, a former treasurer and director of defendant, who stated at the trial of this action that he, at defendant’s request, orally employed plaintiff for a five-year period, the duration of the lease on the premises occupied by Delsey Fabrics Division.
Defendant’s answer denies the making of the alleged oral contract of employment and, as an affirmative defense, pleads the Statute of Frauds.
Plaintiff was first employed by defendant in 1932 and continued to hold the position of manager of its Delsey Fabrics Division Avith the title of executive vice-president until February of 1957. Prior to 1948, plaintiff had not been employed under any contract which had a fixed duration. A written agreement between the parties governed plaintiff’s employment from January 1, 1948, until January 31, 1953. Then folloAved plaintiff’s third and final contract of employment with defendant, Avhich ended with his discharge in February, 1957, and the institution of this lawsuit.
Contrary to plaintiff’s contention, the credible testimony and documentary evidence established that plaintiff’s final employment contract, the subject matter of this action, was merely a hiring at will, with no fixed term of employment. The terms of the contract were clearly embodied in a resolution of the board of directors of defendant corporation adopted at a meeting held on December 21, 1953, which fixed plaintiff’s compensation at $50,000 per annum, plus a percentage of gross profits. The resolution, further, made these terms retroactive to February 1, 1953, the day after the end of plaintiff’s prior Avritten contract with defendant. There is no language in this resolution which can in any way be construed to create a term of employment for a period of five years, or, for that matter, for any fixed period of time.
It is to be noted that this resolution Avas prepared, submitted to defendant’s board of directors and favorably voted upon by Jahn, the same person A\dio testified upon this trial concerning the purported five-year term of the alleged oral employment con *540 tract he entered into with plaintiff in behalf of defendant. Yet not one word concerning any term for plaintiff’s employment appears in the Jahn-drawn resolution or in any other corporate document produced upon the trial. The language of the resolution is clear and unambiguous, to wit: ‘1 Further Resolved: That 1ST. D. Levy’s salary and profit arrangement from February, 1953, be set at $50,000.00 per annum, plus 5% of profits before taxes are determined.” This resolution was not only voted for by Jahn, it was the product of his draftsmanship and must be deemed to. be the memorial of his dealings with plaintiff in behalf of the defendant corporation, setting forth all of the terms and conditions governing plaintiff’s employment.
Likewise, contrary to Jahn’s testimony upon this trial, the financial records of defendant which he certified as treasurer and as a director, clearly refute his present contention that plaintiff had a five-year 11 fixed term ’ ’ contract of employment. Nowhere in these records or financial reports of defendant is there any indication of a corporate contract with plaintiff for a five-year period. Such a contract would have placed the corporation under a contingent liability for at least $250,000 in direct salary to plaintiff, plus a percentage of its gross profits. Instead, on March 31, 1954, and again a year later, Jahn, as treasurer, certified in his financial reports that “no contingent liabilities are known to exist * * * That the Company has no unusual open contracts or engagements,” a direct contradiction of his testimony here. After Jahn’s forced resignation as treasurer in February, 1956, plaintiff made similar representations as executive vice-president of defendant.
Nothing in the record warrants the conclusion that defendant’s employment of plaintiff subsequent to the termination of his written contract in 1953, was in any manner tied to its five-year lease of the Delsey Fabrics Division premises. Plaintiff, on the contrary, received and accepted every benefit which he could claim under his employment contract as set forth in the afore-mentioned resolution of the board of directors. Significantly, it was not until after his discharge by defendant that plaintiff first came forward with any claim that he had a ‘ ‘ five-year contract.” Even as late as January, 1956, when plaintiff’s salary was cut from $50,000 to $37,000, he never asserted that this was a breach of the proposed lease-long contract with defendant. In the opinion of the court, the alleged five-year contract between plaintiff and defendant never existed. The documentary evidence supports and is clearly consistent with the claims of defendant that all plaintiff had subsequent to January 31, 1953, was a contract at will, which Jahn himself *541 drew and recorded in the minutes of the meeting of the board of directors on December 21, 1953 (supra). It is certainly fair to assume that if plaintiff had a five-year contract, as he here contends, mention of it would have been made in the board of directors’ resolution or in at least one of the financial reports subsequently prepared by either Jalin or plaintiff. For Jahn and plaintiff to fail to do so deliberately, would, in the opinion of the court, constitute a fraud on their part.
Plaintiff’s testimony regarding his alleged employment arrangement with defendant is replete with contradiction and inconsistency. While the complaint seeks damages based upon an alleged fiat salary of $50,000 a year, in his examination before trial, plaintiff asserted his compensation included an additional 5% of the profits of defendant before Federal taxes. Again, while the verified complaint alleges a hiring for the duration of a five-year lease, plaintiff in his examination before trial made no mention of such lease, although he was examined at length concerning the terms of his employment with defendant. No effort was made by plaintiff or his counsel to correct such evidence in any way, either at the examination before trial or at the time when plaintiff subsequently signed and swore to the testimony.
It necessarily follows, therefore, that plaintiff’s complaint in this action has been rebutted by the credible evidence and the testimony of plaintiff himself. He has failed to establish the contract sued on, namely, a five-year contract at $50,000 per annum. Instead, his own testimony, as well as the documentary evidence adduced upon the trial, clearly proves that plaintiff agreed to work for defendant for an unspecified and indefinite period of time, not for $50,000 a year alone, but, in addition thereto, for 5% of its profits before taxes. Since a party must recover not only in accordance with his proof, but in accordance with his pleadings, the complaint in the instant action must be dismissed (see International Import & Export Co. v. Epstein, 189 Misc. 401, 402). Moreover, the hiring here involved, being one at will and not for any specified period, was terminable by either party at any time (Watson v. Gugino, 204 N. Y. 535, 541; Martin v. New York Life Ins. Co., 148 N. Y. 117, 121; Horowitz v. La France Ind., 274 App. Div. 46, 47).
There is no merit to plaintiff’s contention that he did not accept employment on a ‘1 hiring at will” basis, as set forth in the corporate resolution. On the contrary, the proof clearly establishes that plaintiff accepted every benefit of this resolution. He took both the $50,000 a year salary and the 5% profits, not merely a flat salary, as alleged in his complaint. He had no *542 right to these payments of profits unless he was accepting the clear and unambiguous terms of this resolution.
Assuming, arguendo, that the court were to accept the testimony of Jahn that he orally employed plaintiff for five years, it nevertheless remains indisputable that the Jahn-drawn resolution, coneededly made subsequent to the oral hiring, must take precedence over the alleged earlier oral agreement. There is no proof in the record that Jahn had authority to make the alleged oral agreement in behalf of defendant. Likewise, both the oral agreement and the agreement as set forth in the corporate resolution cannot co-exist inasmuch as they are different. Hence, the resolution, being in writing and accepted by the corporation’s board of directors and by plaintiff himself (supra), must, in any event, supersede and displace the alleged former agreement (see St. Regis Paper Co. v. Hubbs, 235 N. Y. 30).
Giving due consideration to all of the evidence before me, I hold that the credible proof establishes that there never was a hiring of plaintiff under any oral contract for the duration of a five-year lease on premises occupied by defendant’s Delsey Fabrics Division; that the only engagement ever made with plaintiff subsequent to January, 1953, is the one recorded in the corporate minutes of December 21, 1953, precisely as Jahn himself drew the resolution and voted for its adoption; and that such resolution evidences merely a hiring at will, terminable by either party at any time (Watson v. Gugino, supra; Martin v. New York Life Ins. Co., supra).
In view of the court’s conclusion herein, it is unnecessary to discuss at great length the affirmative defense of the Statute of Frauds. Suffice it to say that, in the opinion of the court, the alleged oral contract is void under such statute (Farmer v. Arabian Oil Co., 176 F. Supp. 45; see, also, One Television, Inc. v. One Fifth Ave. Operating Corp., 206 Misc. 1090, affd. 1 A D 2d 819, motion for leave to appeal denied 1 N Y 2d 643).
There is no merit to plaintiff’s argument that inasmuch as defendant 11 could become relieved of its obligation under the lease within one year,” the alleged oral contract does not come within the ban of the Statute of Frauds. When plaintiff made his alleged oral employment contract dependent on the terms and duration of the lease, he adopted and iricorporated into this alleged contract the terms and provisions of such lease. He stands or falls, therefore, by his alleged contract as an entirety. Thus, as contemplated by plaintiff, whatever frustrates, discharges or defeats full performance of the lease, likewise frustrates, discharges or defeats the performance in full of his alleged five-year oral employment contract, thereby *543 leaving the Statute of Frauds operative and applicable (Zupan v. Blumberg, 2 N Y 2d 547, 550-552; Cohen v. Bartgis Bros. Co., 264 App. Div. 260, affd. 289 N. Y. 846).
Judgment is rendered in favor of defendant dismissing the complaint upon the merits.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.