■ MARTIN BERNSTEIN, Respondent, v. REMINGTON ARMS COMPANY, INC., Appellant, et al., Defendants.— In an action to recover damages for personal injury, suffered as a consequence of the explosion of a power-tool cartridge manufactured by the defendant Remington Arms Company, Inc., said defendant appeals from so much of an order of the Supreme Court, Queens County, dated August 2, 1962, as denied its motion, made pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice, to dismiss the second cause of action (for breach of warranty) contained in the amended complaint, on the ground that such cause is barred by the Statute of Limitations (Civ. Prac. Act, § 48, subd. 1). On a prior appeal, a judgment rendered after trial in plaintiff's favor against defendant Remington was reversed and a new trial ordered as to it; the dismissal of the complaint as to the other defendants was sustained (16 A D 2d 694). Order, insofar as appealed from, affirmed, with $10 costs and disbursements. In our opinion the defendant Remington's motion was properly denied, since the interposition of an amended complaint based upon the same set of facts and founded upon the same actionable wrong, as originally pleaded, was not equivalent to the commencement of a new action (*Sayre* v. *State of New York,* 4 A D 2d 794; *Abrams* v. *Maryland Cas. Co.,* 300 N. Y. 80; *Sunset Holding Corp.* v. *Home Tit. Ins. Co.,* 172 Misc. 759). This decision, however, is not to be construed as precluding the defendant Remington from urging upon the trial the defense of the Statute of Limitations, if factually available (*I. Burack, Inc.,* v. *Metropolitan Plumbing Supply Corp.,* 12 A D 2d 798; *Kakargo* v. *Grange Silo Co.,* 11 A D 2d 796). Such defense is pleaded in the said defendant's answer which it served subsequent to the order appealed from pursuant to the permission therein granted. It may also be noted that the

record before us contains no factual data upon which we may judge the availability of the Statute of Limitations as a defense to the second cause of action. Beldock, P. J., Kleinfeld, Christ, Rabin and Hopkins, JJ., concur. [35 Misc 2d 884.]