Action by Justus Frankel against the United States Casualty Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Carl Schurz Petrasch, for appellant.

Olcott, Gruber, Bonynge & McManus, for respondent.

MacLEAN, J. Inasmuch as the blanks upon the back of the policy for warranties were neither signed by the applicant nor even filled out by anybody, the policy cannot be voided for breach of warranty, nor this judgment reversed therefor, although the plaintiff respondent truly, but surely by inadvertence, in his brief premises the assured had warranted that he carried no other accident insurance and had made no other application for other insurance.

The judgment should be affirmed, with costs.

GILDERSLEEVE, P. J., concurs. DAYTON, J., concurs in result.

---

### CARY MFG. CO. v. MALONE.

(Supreme Court, Appellate Division, Second Department. March 12, 1909.)

REPLEVIN (§ 96*)—VERDICT.

Where, in replevin, defendant claimed only a special interest in the property, a general verdict for defendant, which ignored an instruction that the jury must fix the value of the property, as required by Code Civ. Proc. § 1726, was irregular, and the refusal of plaintiff's motion for a new trial was error.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. § 377; Dec. Dig. § 96.*]

Miller, J., dissenting.

Appeal from Trial Term, Kings County.

Action by the Cary Manufacturing Company against Bernard J. Malone. From a judgment for defendant, and from an order denying plaintiff's motion for a new trial, it appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

A. G. N. Vermilya, for appellant.

S. Clinton Crane, for respondent.

RICH, J. This appeal is from a judgment in favor of the defendant in a replevin action. The property which was the subject of the action consisted of a quantity of wire and various tools and machinery used in rolling iron. The title to this property was in dispute, and the question of the ownership and right to the possession of the various articles was litigated upon the trial. Defendant claimed a special interest in the machinery, and after a careful review of the evidence I am inclined to the view that, if he had any legal claim to the property, it was confined to this interest, though the claims

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the parties were of such a nature as to require the verdict of the jury to respond to the issues presented.

The learned justice presiding at the trial instructed the jury that they must fix the value of the property taken, and it was their duty to do this. Section 1726 of the Code of Civil Procedure. The instruction was ignored, however, and a general verdict rendered in favor of the defendant, upon which a judgment has been entered adjudging that the defendant recover the sum of $800.28, with costs, and that the defendant recover of the plaintiff the possession of the personal property described in the complaint. There is no way of ascertaining what the verdict represents. It should have shown whether defendant was a general or special owner, and, if it was intended as a general verdict in favor of the defendant on the ground that he was the owner, it was against the weight of the evidence. The verdict was irregular, and the refusal to grant plaintiff's motior for a new trial was error.

The judgment and order must therefore be reversed, and a new trial granted; costs to abide the final award of costs. All concur, except MILLER, J., who votes to reverse on the ground that the verdict is against the weight of evidence.

---

## PRENDERVILLE v. CONEY ISLAND & B. R. CO.

(Supreme Court, Appellate Division, Second Department. March 19, 1909.)

1. CARRIERS (§ 282*)—TRESPASSERS ON CARS—DUTY OF COMPANY.

A boy riding on the running board of an open street car with intent to ride free was a trespasser to whom the company was not liable for injury on account of the conductor's act, unless it was improper, unnecessarily dangerous, and the proximate cause of the injury, and done to remove the boy.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 282;* Street Railroads, Cent. Dig. §§ 179, 180.]

2. CARRIERS (§ 282*)—TRESPASSERS ON CARS—INJURY—LIABILITY.

That a trespassing boy, riding on the running board of an open street car, became frightened and fell from the car when the conductor came towards him rapidly with both hands extended, shows no liability against the company.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 282;* Street Railroads, Cent. Dig. §§ 179, 180.]

Hirschberg, P. J., and Woodward, J., dissenting.

Appeal from Trial Term, Kings County.

