CRAMER v. BROWNELL.

(Supreme Court, Appellate Division, Third Department. March 3, 1915.)

ELECTION OF REMEDIES (§ 9*)—REPLEVIN—CONVERSION—JOINT TORT-FEASORS.
    Replevin against the holder of a mare bought from the purchaser at an execution sale is not barred, as by an election of remedies, because plaintiff sued the sheriff for conversion, which had not gone to judgment, though a judgment in one action would bar the other.
    [Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. §§ 13–15; Dec. Dig. § 9.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Saratoga County.

Suit by Mary E. Cramer against Frank Brownell. From an order setting aside a verdict in favor of plaintiff, and granting a new trial, plaintiff appeals. Reversed, and verdict of jury reinstated.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Salisbury & Rowe, of Saratoga Springs (George R. Salisbury, of Saratoga Springs, of counsel), for appellant.

Edgar T. Brackett, of Saratoga Springs (F. Andrew Hall and B. P. Wheat, both of Saratoga Springs, of counsel), for respondent.

WOODWARD, J. The complaint alleges that:

"For a long time prior and up to the 15th day of April, 1913, the plaintiff was both the owner, in the possession, and in the right of immediate possession of one small chestnut mare, about the age of six years, and weighing about 900 pounds and having two white hind feet," that this mare was worth $200, and that before "the commencement of this action, and on or about the 15th day of April, 1913, the defendant became wrongfully and corruptly and unlawfully possessed of said mare," and that he continues to hold possession of the said mare in the manner aforesaid from the plaintiff, "who before said possession, retention, and detention of said mare by the defendant, as aforesaid (and at the commencement of this action), was and still continues to be the owner thereof and entitled to the right of immediate possession of the same."

It is further alleged that the plaintiff duly demanded the possession of said mare, and that the defendant refused and still refuses to deliver said mare to the plaintiff, and the said defendant still continues to wrongfully, corruptly, and unlawfully keep and retain and detain said mare from the plaintiff. There are allegations likewise of the value of the use, but these are unimportant.

The defendant, answering the complaint, admits that he came into possession of the mare at the time mentioned in the complaint, but alleges that such possession was lawful, he having purchased her of one William H. Barnett, without notice of any claim of property by the plaintiff herein, and denies, on information and belief, that she belonged to the plaintiff at the time of the commencement of the action, or that the plaintiff was entitled to the immediate possession of the same. As a separate defense the answer alleges that:

"Heretofore, and before the commencement of this action, and on or about the 19th day of April, 1913, the plaintiff herein commenced an action in this court against Benjamin Wilson to recover damages for the wrongful taking and converting of the horse mentioned in the complaint in this action; that by commencing said action against Benjamin Wilson the plaintiff elected to surrender the cause of action alleged in the complaint, and is thereby barred from prosecuting the said cause of action alleged in the complaint."

The case was duly tried and submitted to the jury, with the result that a verdict was rendered in favor of the plaintiff and against the defendant for the return of the property, and fixing the value of the mare at $100, with $75 for damages for the detention of the mare. A motion was made to set aside the verdict, which motion was granted on the ground that the remedies by way of actions for conversion and replevin were inconsistent remedies, and that by first bringing

an action for conversion the plaintiff had elected her remedy, and was barred from bringing the present action. The plaintiff appeals from the order.

The only question on this appeal is whether this order was properly granted. It appeared upon the trial that the mare was taken from the possession of the plaintiff by Benjamin Wilson, a deputy sheriff, upon execution issued upon a judgment against one Snyder, and that she was sold to one Barnett, who resold to the defendant. It will be assumed that the defendant has no better title to the mare than that of Wilson under the execution, and it does not appear to be questioned that the plaintiff had a right to maintain the present action, except for the fact that she had previously started an action against Wilson for the conversion of the mare. The learned trial court appears to have been in doubt upon the question, but granted the defendant's motion, handing down an opinion, in which the ground is taken that the plaintiff, having elected to sue Wilson for conversion, was barred from bringing the present action in replevin. In this we are of the opinion that the learned court erred to the prejudice of the plaintiff's rights; that the plaintiff is not bound to rely upon her cause of action against Wilson, but may exhaust her remedy against any one who has wrongfully taken and withheld her property, though she cannot receive the mare and her damages for retention, and then continue the prosecution of the action against Brownell. She is entitled to recover as against either or both of them, and the payment of one judgment will discharge both; but until there is a judgment, and until such judgment has been paid, the plaintiff, as against tort-feasors, is not within the doctrine of election. He may, under certain circumstances, waive a tort and proceed in assumpsit, in which case he would be barred from asserting an action sounding in tort (7 Ency. of Pl. & Pr. 371); but trespass, trover, and replevin all proceed upon the theory of continued ownership in the injured party, and are not inconsistent remedies (7 Ency. of Pl. & Pr. 371, and authorities cited).

There has been some confusion upon the question, but in the case of Russell v. McCall, 141 N. Y. 437, 36 N. E. 498, 38 Am. St. Rep. 807, distinguishing the principal cases relied upon by the learned trial court in the instant case, the court recognizes the doctrine that a party does not, upon the entry of a personal judgment against him in a case of tort, become the absolute owner of the property. Say the court:

"If the personal judgment were paid, then, indeed, the plaintiff's rights and equities in the property would be changed, and he would be precluded from any further claim upon it. Until satisfaction of that judgment, however, the plaintiff could not be barred from further efforts to obtain relief against other wrongdoers. Even in an action of trover for the conversion of a chattel, a judgment unsatisfied does not change the title to the property and is no bar to an action against any one of the other wrongdoers. * * * Because the survivor was proceeded against alone, and a personal judgment recovered against him, which has not been satisfied, furnishes no evidence of an election of inconsistent remedies to the extent of freeing the other wrongdoers from the consequences of their wrong. * * * A joint and several obligation, based on a note, bond, or other written contract, or one arising out of an implied contract, is a well-known kind of obligation, and its legal meaning has

come to be that each one is liable to a separate suit, or that all are liable to a joint suit. and in no other way can they be held. This is known as part of the obligation they entered into. But a joint and several liability, arising out of a particular wrong having been done the plaintiff by several wrongdoers, is not so precisely limited. * * * And in suing less than all it is not an election to take one of two remedies, which the defendants have by their contract consented to give the plaintiff his choice of, but have not consented to give both. It is the pursuit of certain of the wrongdoers who are in any event liable, and if unsuccessful in obtaining satisfaction the right remains to pursue others, although in each case the defendants chosen may have been more than one and less than all the wrongdoers, and so the remedy may have been strictly neither joint nor several, as that term is applied to cases of joint and several contractors. * * * The parties who have not been already sued cannot take advantage of this ground as a defense on their part. As to them the plaintiff has made no election of remedies and their liability remains unaffected."

This case held that a party who had been previously sued individually could not be sued jointly with the other wrongdoers, because that would be permitting him to be twice vexed for the same cause of action; but as to joint tort-feasors the plaintiff had his remedy, notwithstanding the previous unsatisfied judgment against one of them. The case last above cited was followed in Squire v. Ordemann, 194 N. Y. 394, 399, 87 N. E. 435, and seems to us to effectually dispose of all doubt upon this question. The fact that one action was for conversion and the other to replevin the animal is of no consequence. Both remedies were available to the plaintiff against each of the defendants, and the fact that she chose trover in one instance and replevin in another did not prejudice any right of the defendant in the present case. Goff v. Craven, 34 Hun, 150; Miller v. Hyde, 161 Mass. 472, 37 N. E. 760, 25 L. R. A. 42, 42 Am. St. Rep. 424.

The order appealed from should be reversed, with costs, and the verdict of the jury reinstated. All concur.