CHARLES F. RAYNORE, Plaintiff, Respondent, *v.* FRED DRAKE, Defendant, Appellant.

(County Court, Madison County, July, 1921.)

**Verdict — must fix value of chattel not replevied — Code Civ. Pro. § 1726.**

A verdict which awards to the plaintiff a chattel not replevied must also, under section 1726 of the Code of Civil Procedure, fix the value of the chattel at the time of the trial.

Where on the trial of an action to recover possession of a heifer which had not been replevied, no evidence of its value was given or offered, a verdict in favor of plaintiff " as the rightful owner of the blue heifer in question " does not comply with section 1726 of the Code of Civil Procedure and the judgment entered on such a verdict will be reversed and a new trial granted.

APPEAL from judgment in favor of plaintiff.

E. Leland Hunt, for plaintiff, respondent.

W. E. Lounsbury, for defendant, appellant.

SENN, J. This is an appeal from a judgment rendered by Arthur Hay, a justice of the peace of the city of Oneida, in the county of Madison, on the 10th day of December, 1920, awarding to the plaintiff, respondent, as against the defendant, appellant, the possession of a certain heifer in suit and then in the possession of the defendant.

The facts in the case are briefly as follows: In the pasturing season of the year 1920 the plaintiff rented a pasture of one A. A. Moore, on what is known as Cole Hill and pastured in it one bull and one heifer described by the plaintiff as one blue and white Holstein grade yearling heifer, white face, with horns

turning in.   Adjoining this pasture was another pasture owned by one Foland, in which there were a number of cows or cattle numbering about thirty head and the defendant had a heifer in this pasture described by him as a blue heifer raised by him from a blue cow purchased by him of Mr. Jesse Bellinger. This heifer had a black spot on her leg, white spot on her face coming to a point.   The fence between the two pastures appears not to have been very good.   It was stated that cattle at times strayed from one pasture to the other.   On October 12, 1920, the plaintiff went to the pasture where his heifer had been kept, got the one claimed by him and took her home.   Thereafter the defendant, learning that the plaintiff had taken the heifer in question and claiming her to be his (defendant's), went where she was then being kept, at the farm of one Buyea, took her into his possession and drove her to his own farm and has ever since had her in his possession.   Before commencing his action the plaintiff had duly demanded the return of the heifer in question.   It is evident that one or the other of the parties lost his heifer and that on account of the resemblance, each party hereto claims the heifer in suit.

The pleadings before the justice were oral.   The complaint as set forth in the return was " for the wrongful conversion of one heifer in the fall of 1920, value $50.00."   The answer was a general denial. Although the complaint did not specify the relief demanded, it would naturally be taken to be for damages for wrongful conversion.   But the plaintiff appeared to have regarded it as an action to recover a chattel which had not been replevied and to have tried his case on that assumption.   It may be that the complaint as orally stated did demand the return of the chattel and that the justice neglected to take

down that part. No evidence of the value of the heifer was given or offered on the trial. I am treating the action, therefore, as one to recover a chattel.

The verdict of the jury was '' in favor of the plaintiff, Charles F. Raynore, as the rightful owner of the blue heifer in question.'' Thereupon the justice rendered judgment in favor of the plaintiff and against the defendant for the possession of said heifer, with costs.

I have not attached any importance to the claim of the defendant that the verdict was contrary to or against the weight of evidence. There was no such preponderance of testimony or proof on either side that I could say as matter of law, that the verdict was against the weight of evidence. If there had been any doubt on that question it was removed when the jury, by consent of all parties concerned, went to the farm where the heifer was and viewed her before finding their verdict.

The only question in my mind is whether the verdict was a valid one in that it did not comply with the requirements of section 1726 of the Code of Civil Procedure, which provides that the verdict must fix the damages of the prevailing party and that where it awards to the plaintiff a chattel which has not been replevied, it must also fix the value of the chattel at the time of the trial.

While it may be said that this provision is mostly for the benefit of a successful plaintiff, it is conceivably also for the benefit of the other party. For instance, suppose that this court should affirm the judgment and the plaintiff take possession of the heifer as his own and dispose of her and that the defendant appealed to the Appellate Division of the Supreme Court and succeeded in reversing the judgment. In that case he would have a very vital interest in the

value of the heifer and having it fixed. I believe that there was a failure to comply with the law of which either party may justly complain.

The attorney for the plaintiff, respondent, insists that it was merely an irregularity of which the defendant cannot avail himself by raising the question for the first time on appeal. That the objection should have been taken when the verdict was brought in, so that the jury could have been sent back to correct their verdict. He cites a number of cases in which it was held that objections to irregular or unauthorized verdicts cannot be raised for the first time on appeal. Among them are the following: *City of Buffalo* v. *New York, L. E. & W. Railroad Co.*, 152 N. Y. 276. Case was tried in Justice Court. It was afterwards claimed that one of two ordinances under which plaintiff sued was not legal or valid. The Court of Appeals held (three judges dissenting) that this point was waived by not raising it at the trial. That some motion should have been made at the trial to bring this point to the attention of the court.

*Sternberger* v. *Bernheimer*, 121 N. Y. 194, was a case where plaintiff was entitled to judgment against two defendants on their joint liability and the verdict was only against one; the court held that the objection should have been raised at the time the verdict was brought in, so the jury could have been sent back with proper instructions to amend it.

*DeLavallette* v. *Wendt*, 75 N. Y. 579, was a case where the judgment was entered against the defendant personally when in fact he was sued as executor on a liability incurred by his testator. It was held that before appealing the defendant should have moved in the court in which the judgment was rendered, to have it amended. This was not a case of

erroneous verdict, but the criticism was as to the form of judgment entered.

*Conkey* v. *Kenyon,* 47 N. Y. St. Repr. 511; *Seemon* v. *Levins,* 205 N. Y. 514, and other cases cited by respondent's counsel, were cases where there was a failure of material proof, in all of which it was held that the point should have been raised on the trial. They were not replevin cases or actions to recover a chattel and the principle involved was not the same.

A failure to observe the Code provision is legal error. In a case where the chattel had not been replevied and the jury found the value of the chattel as of the time when it was demanded instead of the time of the trial, the court held that a new trial would be granted, notwithstanding no exception was taken at the time of the trial. *Button* v. *Chapin,* 7 Civ. Pro. Rep. 278.

The doctrine was affirmed in *Duffus* v. *Schwinger,* 79 Hun, 541.

I cannot find that the doctrine of *Duffus* v. *Schwinger, supra,* has ever been modified or reversed and therefore it is clear to me that there was a mistrial in the action at bar and a new trial must be ordered.

Judgment reversed and a new trial ordered before Charles F. Brown, a justice of the peace of the town of Lenox, at his office in the village of Canastota, N. Y., on the 16th day of August, 1921, at ten o'clock in the forenoon. Disbursements of the appeal are allowed to the appellant. Otherwise the costs are to abide the event.

Let order and judgment in accordance with this decision be prepared and entered.

Judgment reversed and new trial ordered.