RAYMOND H. NORTON, Respondent, *v.* CLAYTON HELMER, Appellant.

County Court, Madison County, March 16, 1933.

*Harold L. Fuess,* for the appellant.

*Ralph W. France,* for the respondent.

CAMPBELL, J. This is an appeal from a judgment of the justice of the peace of the town of Madison in Madison county, which judgment awards to the plaintiff the sum of $164.24 damages and $7.90 costs.

The case involves a Plymouth automobile which defendant purchased of plaintiff and at the same time executed a property note covering the automobile for the amount of $161.21.

Plaintiff replevied the car and asked for judgment for thirty dollars, with interest, the amount then due on this note. The

replevin proceeding and demand for judgment were included in the one action.

The judgment makes no award of the automobile replevied, but gave judgment to the plaintiff for the full amount of the note when only thirty dollars was due thereon.

No evidence as to the value of the car was offered or received on the trial, but plaintiff swore in his affidavit for replevin that the car was worth $200 at the time the proceedings were commenced. Plaintiff now has the automobile and a judgment for the full amount of the note. The value of both may be twice the amount which he is entitled to recover. It is apparent that such a judgment is a substantial denial of justice, and more than a technicality is involved.

If the value of the automobile were fixed in the judgment or the evidence, the court might reduce it under section 451 of the Justice Court Act, but there is nothing in the papers returned or the judgment upon which the court can make a finding as to value in order to make the necessary modification.

The judgment must be reversed for the following reasons:

(1) Failure to award the chattel to either party as provided in section 117 of the Justice Court Act.

(2) Failure to fix the damages of the plaintiff. Owing to the fact that the plaintiff demanded judgment on the note the damages would naturally be the difference between the value of the automobile at the time of delivery to plaintiff and the amount of the property note, for otherwise plaintiff would be allowed to obtain more than he is actually entitled to receive in order to indemnify him. The aim of the law is to give the injured party full indemnity, and no more, unless the injuries have been willful and malicious. (7 Carmody N. Y. Prac. 943; *Allen* v. *Fox*, 51 N. Y. 562.)

Counsel for plaintiff states in his brief that it is probable that the damages should have been fixed by the justice, but it is such a technical error that the court on appeal should overlook it. For the reason heretofore set forth, the court regards the error as more than technical and going to the merits of the action. (*Conklin* v. *McCauley*, 41 App. Div. 452; *New York Yellow Cab Co. Sales Agency* v. *Courtlandt Garage & Realty Corporation*, 223 App. Div. 44.)

It does not clearly appear what the judgment represents. There is nothing to indicate as heretofore mentioned who is the owner of the chattel, nor is there anything pointing out what damages have been suffered by plaintiff. (See *Cary Mfg. Co.* v. *Malone*, 131 App. Div. 287.)

For the foregoing reasons, the judgment is reversed, and a new

trial ordered before Dayton F. Smith, Esq., justice of the peace of the town of Hamilton, Madison county, N. Y. In accordance with a former decision in this county by Judge JOSEPH D. SENN, disbursements of the appeal are allowed to the appellant. Otherwise the costs are to abide the event. (*Raynore* v. *Drake*, 116 Misc. 307, 311.)

The judgment in accordance with this decision may be prepared and entered.