GARFINKEL & STEINBERG CORPORATION and SAM KUPERSMITH, Respondents, v. BANDLERS SUTPHIN, INC., Appellant.— This action was brought in replevin to recover chattels mentioned in a conditional sales agreement in which the predecessor in title of the plaintiff-respondents was vendor and Macleon Pure Food Co., Inc., was vendee. The defendant-appellant counterclaimed for damages for conversion by that predecessor in title of other chattels. The cause was tried by the court without a jury. The trial court found for plaintiffs (a) for damages for conversion by the defendant-appellant of the chattels mentioned in the conditional bill of sale, and (b) dismissed the counterclaim of the defendant-appellant. Judgment was entered accordingly. Thereafter defendant-appellant moved to vacate and set aside that decision and judgment. The motion was denied, and an order was duly entered thereon. From the judgment and part of that order defendant appeals. (1) Judgment affirmed only in that phase which dismisses the counterclaim, and (2) reversed on the law in that phase which awards to the plaintiffs damages only as for conversion in this replevin action, and a new trial ordered of the issues related to plaintiffs' alleged cause of action for replevin. No costs of the appeal to either party. (3) Appeal from order denying motion to vacate and set aside decision, verdict and judgment dismissed. (a) The judgment, in so far as it is in favor of respondents upon appellant's counterclaim, is supported amply by the evidence, from which the inference to be drawn is that there was no such conversion. (b) Plaintiffs were not entitled to recover damages for conversion proved and fixed as of September 10, 1935. That proof was received improperly (Civ. Prac. Act, § 1120), over objection and exception. Apparently the chattels had not been replevied, and the decision and judgment should have provided for the return of the chattels with alternative damages. There was no proof of that value as of the date of the trial, December 10, 1936

(Id.) and likewise none relating to damages of plaintiff for the detention of the chattels or otherwise (Id.). The judgment fails to conform to the allegations of the complaint (*Walrath* v. *Hanover Fire Ins. Co.*, 216 N. Y. 220, 225) and is not in accordance with the relevant provisions of Civil Practice Act, section 1124. (c) The appeal from the order denying defendant's motion to vacate and set aside the decision, verdict and judgment has become academic. Hagarty, Carswell, Davis, Adel and Taylor, JJ., concur.