BILTMORE KNITWEAR CORP., Plaintiff, *v.* WILLIAM CHALFIN, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, October 24, 1940.

*Gold & Grinder*, for the plaintiff.

*Mirer & Moskowitz*, for the defendant.

WHALEN, J. This is a motion by plaintiff for leave to serve an amended complaint. The original complaint is in replevin. A writ of replevin was issued and an attempt was made to take possession of the merchandise in question but plaintiff claims that the merchandise offered by defendant to the marshal was different from that sold by the plaintiff to the defendant and it, therefore, asserts that defendant is either concealing the merchandise or else has converted it to his own use.

Plaintiff seeks now to serve an amended complaint, setting up both an action in replevin and an action in conversion, and in which he demands judgment against the defendant, either for possession of the merchandise or the value thereof, or, in the alternative, for a judgment against the defendant in conversion. Defendant resists the motion on the ground that the two causes of action attempted to be set forth by the plaintiff in the proposed amended complaint are inconsistent and that inconsistent causes

of action may not be united in the same complaint, and also on the further ground that plaintiff, having elected to sue in replevin, is bound by his election and may not now change his ground by suing in conversion.

The only provision in the Municipal Court Code for the joinder of causes of action in the same complaint is that contained in section 79, which says: " The plaintiff may include in the same complaint any cause of action of which the court has jurisdiction, to the end that all matters of difference between the respective parties may, so far as practicable, be determined in one action; but if it appears to the court that the causes of action so joined should not be tried or disposed of together, the court may order them to be tried separately, or that the action be severed, and may make such other and further orders as may be necessary or expedient for the separate disposal thereof."

This section has been in the Municipal Court Code since its adoption in 1915 and it seems to have had very little construction. In fact, I cannot find any adjudicated case passing on the question of whether or not inconsistent causes of action may be pleaded in the same complaint. Lauer, in his book on Municipal Court Practice ([2d ed.] p. 313), discusses this new section, as follows: " This section makes a radical change in the practice heretofore existing in this court, and inaugurates a practice which does not pertain in any other court of this State, but one which has been commended by the New York Board of Statutory Consolidation. Being clearly intended to prevent unnecessary litigation and a multiplicity of actions, it permits the joining in one complaint of causes of action which, from the earliest times, have always been held to be inconsistent, provided the court has jurisdiction thereof. The section is clearly intended to bring about a practice freed from technicalities and to permit of the working of substantial justice between the litigants but always within the control and under a sound discretion of the court."

This section was evidently adopted on the recommendation of the Board of Statutory Consolidation, contained in its report for the year 1912, pages 11 and 105.

The same subject is dealt with in section 258 of the Civil Practice Act, which has also undergone recent amendments    Prior to 1935 section 258 contained the following provision for joinder of causes of action in one complaint: " It must appear upon the face of the complaint that all the causes of action so united belong to one of the foregoing subdivisions of this section; *that they are consistent with each other;* and it must appear upon the face of the complaint, that they do not require different places of trial."

In 1935 section 258 was amended to read as it now appears: "The plaintiff may unite in the same complaint two or more causes of action whether they are such as were formerly denominated legal or equitable, provided that upon the application of any party the court may in its discretion direct a severance of the action or separate trials whenever required in the interest of justice." Following this amendment, in the case of *Dickler* v. *National City Bank of New York* (160 Misc. 317), in New York County Special Term, by COHN, J., it was stated that even under the amended wording of the section, it was not permitted to join mutually exclusive causes of action. He held that section 258 did not supersede rule 102 of the Rules of Civil Practice. Rule 102, at that time, provided, in part, that "If causes of action be improperly united, the court may order the party to serve such amended pleading as the nature of the case may require." The *Dickler* case was decided October 26, 1935. By amendment effective September 1, 1936, rule 102 was amended so as to delete the words "or if causes of action be improperly united." So that, as section 258 of the Civil Practice Act and rule 102 of the Rules of Civil Practice now stand, apparently the whole question of what causes of action may be united in one complaint is left to the discretion of the court, and the court may, if it deems it wise, order a separate trial of separate issues. It has been held that if a plaintiff brings an action in replevin or in conversion, there is no binding election in either case until the property has been recovered or until the judgment in conversion has been paid, because title does not pass in either case until one of these events has transpired. In 20 Corpus Juris, page 13, it is said: "Trespass, trover and replevin, all proceed upon the theory of continued ownership in the injured party, and are not inconsistent remedies, provided the wrongdoer still has the property so as to allow replevin; the alternative remedy is assumpsit, which proceeds upon the theory of ownership having passed to the adverse party. A replevin action is not barred by a suit for conversion, where the latter action has not gone to judgment, since in such case, title to the property does not pass." (See, also, *Cramer* v. *Brownell*, 116 App. Div. 456.)

In view of these liberalizing amendments of the statute, particularly section 79 of the Municipal Court Code, it seems to me that the plaintiff is now permitted to unite even inconsistent causes of action in his complaint, subject to the condition, however, that upon the trial the trial justice may, in his discretion, direct a separate trial of the issues.

In the situation now confronting this plaintiff, apparently it does not know whether the defendant still has its merchandise or not. It seems to me that it should be permitted to plead both causes of action in the alternative and after the facts have been made to appear at the trial, at the close of the evidence, the plaintiff may be compelled to elect whether it shall rest its case on the theory of conversion or the theory of replevin.

I agree with the defendant's contention, however, that the plaintiff should separately state his causes of action, and not jumble them together in one statement of a cause of action.

The motion is granted, therefore, and plaintiff is directed to serve an amended complaint, stating two separate causes of action, within five days after the service of a copy of this order, with notice of entry. Defendant may serve an answer to the amended complaint within five days after service thereof. If the complaint be verified, then the defendant's answer shall also be verified.

On consent, the bond filed herein at the time of the issuance of the writ of replevin is canceled and the writ, also, is canceled, plaintiff having elected to proceed without a preliminary seizure of the merchandise.