Charles H. Cohen, J.
.This is an action on a check dated January 7, 1972 in the amount of $1,450 delivered on that date ^y defendant as maker to plaintiff as payee. This check was not paid when presented for payment. On January 13, 1972 payment was refused bgeause defendant’s account was short. When this check was redeposited payment was again refused on January 18, 1972 because payment was stopped. This check, signed by defendant as maker and held by plaintiff, who is its holder (Uniform Commercial Code, § 1-201, sub'd. [20]), and introduced in evidence, establishes a prima facie ease for plaintiff. As stated in subdivision (2) of section 3-307 of the Uniform Cdmmercial Code, “ When signatures are admitted or established, production of the instrument entitles a holder to Recover on it unless the defendant establishes a defense.”
As a first defense, defendant alleges that plaintiff is not the real party in interest in that he is acting as escrow agent for Caphelmac Construction Corp. Apparently in connection with this defense defendant also argues that plaintiff was merely to hold the check and not deposit it and therefore cannot sue .on it. The escrow agreement of January 7, 1972, pursuant to which plaintiff was acting as escrow agent, clearly refutes this argument. It states that plaintiff acknowledges receipt ‘ ‘ of the sum of $1450.00 to) be held in escrow to assure the purchasers of the above property that the following work will be completed within 7 days from this date. In the event said work is not completed undersigned" will pay to purchaser [defendant] the reasonable cost of completingjsaid repairs.” This means that plaintiff was to hold $1,450 and not merely a check for that amount. The agreement does not even make reference to a check; plaintiff acknowledges receipt of “ the sum of $1450.” If the work was *1059 not completed, the escrow agent was to pay defendant the reasonable cost of completing the repairs. The escrow agent would presumably pay this from the escrow money which he could get only by depositing the check. Moreover, when one delivers a check bearing the date of delivery, the recipient has the right to expect that the maker has sufficient funds with the drawee bank at that time .to cover the amount of that check (see Penal Law, § 190.05), unless there is an agreement to the contrary (People v. Olans, 264 N. Y. 420). As pointed out above, there was no such agreement to the contrary here. Accordingly, the court finds that plaintiff properly sought to deposit the check.
The next question to be decided is whether plaintiff, an escrow agent, may sue. It is undisputed that plaintiff is acting as escrow agent. The check itself is payable to him as “ Escrowee, ” and the agreement of January 7, 1972 states that he is holding the sum of $1,450 “ in escrow ” and is signed by him as “ escrow agent.” As escrow agent he is bound to take whatever steps may be necessary to fulfill his duties properly. (Falk v. Goodman, 7 N Y 2d 87.) Aside from bringing interpleader actions, he may defend actions brought against him (Falk v. Goodman, supra), and there is no reason why he cannot bring such actions as may be necessary to fulfill his duties as escrow agent. Plaintiff is a trustee (Farago v. Burke, 262 N. Y. 229; Bardach v. Chain Bakers, 265 App. Div. 24; Asher v. Herman, 49 Misc 2d 475) and has a duty to act for any party who has a beneficial interest in the subject matter of his trust. Thus, as a matter of substantive law, plaintiff may bring this action. (See Hauben v. Waxman, 281 App. Div. 1031.) Parenthetically, it- is noted that to .the extent that plaintiff may be regarded as the promisee of a third-party beneficiary contract, he may also bring this action. (Croker v. New York Trust Co., 245 N. Y. 17.)
CPLR 1004 states that “ Except where otherwise prescribed by order of the court, [a] person with whom or in whose name a contract has been made for the benefit of another, may sue or be sued without joining with him the person for or ¿¿ainst whose interest the action is brought.” While the escrow.agreement does not specifically state what the escrow agent is to/ do with the money deposited with him to the extent that it is not paid over to defendant, the court finds it is implied in such event that this money be paid to Caphelmac. Apparently, since plaintiff was the attorney for Caphelmac it was not deemed necessary to spell this out, but it is clear that plaintiff, acting as escrow agent, was not to keep any such money for himself. Plaintiff is in effect a ‘6 person with whom or in whose name a *1060 contract has been made for the benefit of another ” and as such is authorized to bring this action by CPLB 1004. Any procedural difficulties which may have existed under the language of section 210 of the former Civil Practice Act providing that actions "be brought by the “ real party in interest ”, have been eliminated by the repeal of that statute. (See Advisory Committee Notes and Carvel Farms Corp. v. Bartomeo, 50 Misc 2d 1073, 1077; see, also, Katsh v. Katsh, 23 A D 2d 494, affd. 17 N Y 2d 453.) This first defense is insufficient.
As a second defense, defendant alleges that plaintiff’s “ principal ” (presumably Caphelmac) failed and refused to perform pursuant to the terms of the escrow agreement ‘ by the terms of which the subject check was not to be paid if said agreement was not performed.” As already indicated, the court is of the opinion that the escrow agreement did not so provide. It stated that if the work as set forth in the agreement was not completed within seven days from January 7,1972, the escrow agent would pay defendant ‘ the reasonable cost of completing said repairs ’ ’. In any event, the court finds that the agreement was not performed by reason of certain actions of defendant.
The closing took place on Friday, January 7, 1972, at which time defendant presented to Caphelmac his list of defects in the house he was purchasing from Caphelmac. On the following Monday, the court finds that Caphelmac started taking steps to correct the defects. However, later that day defendant picked up the keys to this house from Caphelmac’s watchman and, the court finds, did not permit the repairs to be made. Under these circumstances, where defendant prevented the performance of the agreement, he cannot successfully assert a defense to the effect that the agreement was not performed. (Matter of Casualty Co. [Bliss Co. Claim], 250 N. Y. 410; Amies v. Wesnofske, 255 N. Y. 156.)
Defendant also asserts a counterclaim for $1,490 ‘1 as and for damages by reason of plaintiff’s breach of escrow agreement dated 1/7/72. ’ ’ At first blush, it might appear that this counterclaim should be dismissed for the same reason stated above with respect to defendant’s second defense alleging a breach by Caphelmac. If this were done, the court would make it clear that such dismissal be without prejudice to defendant’s right to sue Caphelmac for damages based upon a claim that the house purchased by defendant from Caphelmac contained the defects set forth in the escrow agreement. Such a claim would be independent of the escrow agreement although that agreement would serve to show that the parties intended that the claims *1061 of defect with respect to the listed items should not be merged in the deed and extinguished. (Disbrow v. Harris, 122 N. Y. 362; Senter v. Golden, 154 N. Y. S. 2d 731; Staff v. Lido Dunes, 47 Misc 2d 322.) A problem is presented as to whether this counterclaim, although in terms directed against plaintiff for his alleged breach of the escrow agreement, may be amended to allege a claim against Caphelmac arising out of the defects in the house purchased by defendant from Caphelmac and which is apparently alluded to in the second defense.
Most of the testimony presented by both sides concerned the reasonable cost to repair these defects. This testimony by both sides was detailed and extensive. Defendant presented an expert witness who testified it would cost $1,600 to repair the defects and also testified himself concerning this matter. Plaintiff, who was the attorney for Caphelmac did not testify concerning this matter since he was not familiar with it. However, he produced as a witness one Frank Capo, an officer of Caphelmac, who was its superintendent of buildings and most familiar with the construction of the house. He was the individual who inspected it, with defendant’s list of defects, on the Monday following the closing. He testified that it would cost very little to repair the defects.
The main target at which evidence produced at the trial was directed was the cost of repairing the defects as set forth in the escrow agreement. If the defendant were to bring a new action against Caphelmac concerning this matter, the very same evidence presented here would be presented in that new action. While the escrow problem would not be before the court in such a new action, the escrow agreement itself might very well be before that court since it sets forth the defects which would be the subject matter of that action and which were not merged in the deed. (Disbrow v. Harris, 122 N. Y. 362, supra; Senter v. Golden, 154 N. Y. S. 2d 731, supra; Staff v. Lido Dunes, 47 Misc 2d 322, supra.) Accordingly, the court finds that a determination in this action on the merits concerning the reasonable cost to repair these defects — the measure of defendants damages in another lawsuit — would not cause any prejudice or surprise to any party including Caphelmac which, through its officer and superintendent of buildings, actively participated in this matter even though it is not an actual party to this lawsuit. CPLR 3025 (subd. [c]) states: “ The court may permit pleadings to be amended before or after judgment to conform them to the evidence, upon such terms as may be just including the granting of costs and continuances. ’ ’ In accordance *1062 with the provisions of this section and the finding that there will be no surprise or prejudice to any party, the court allows an amendment to the counterclaim to conform to the evidence so as to allege a cause of action therein against Caphelmac (CPLR 3019, subd. [a]) for damages arising out of these defects. (See Dittmar Explosives v. A. E. Ottaviano, Inc., 20 N Y 2d 498, 502; whether a counterclaim alleged against Caphelmac, which is not a party to this action, may be asserted or allowed1 against plaintiff, will be considered below.)
That no motion was made to amend the pleadings would not bar the court from allowing the amendment where, as in this case, there is no surprise or prejudice, the parties and Caphelmac having actively and fully presented evidence concerning this matter. (Pogor v. Cue Taxi Serv., 43 Misc 2d 487; Family Finance Corp. v. Secchio, 65 Misc 2d 344.) Where appropriate, such amendment may even be granted for the first time on appeal. (Wilco Constr. Corp. v. Prywes, 14 A D 2d 929; Dampskibsselskabettorm A/S v. Thomas Paper Co., 26 A D 2d 347, 352; see Crane v. Perfect Film & Chem. Corp., 38 A D 2d 288, 291.) Allowing this amendment is particularly appropriate in a case such as this where it will result in a prompt disposition of the matter on the merits (American-Russian Aid Assn. v. City of Glen Cove, 41 Misc 2d 622) and avoid multiplicity of litigation. (Sterling Nat. Bank 3 Trust Co. of N. Y. v. Merchants Bank of N. Y., 48 Misc 2d 72.)
That the relief granted was not sought in the counterclaim does net bar the court from granting this relief which is appropriate to the proof presented even though it was not demanded. (CPLR 3017, subd. [a]; Ungewitter v. Toch, 31 A D 2d 583; Pearson v. Pearson, 34 A D 2d 797.)
Caphelmac, however, is not a party to this action and the question is therefore presented as to whether such a counterclaim directed against Caphelmac may be allowed against plaintiff. CPLR 3019 (subd. [c]) states that “a claim existing against the person beneficially interested shall be allowed as a counterclaim to the extent of the plaintiff’s claim, if it might have beén so allowed in an action brought by the person beneficially interested.” As already pointed out, plaintiff is suing to recover money he was to hold as escrow agent. Under the terms of the escrow agreement, signed at the closing at which defendant received a deed of the real property he purchased from Caphelmac, this money was to be held in escrow to assure defendant that certain work would be completed as set forth therein. As the court has already found, any escrow money not *1063 required to be paid to defendant in accordance with the escrow agreement is not to be retained by plaintiff, who, as escrow agent is a trustee, but is to be paid to Caphelmac. Since the court has. found that defendant is not entitled to any of the escrow money under the terms of the escrow agreement, the recovery of the full sum of $1,450 by plaintiff will inure for the benefit of Caphelmac. The claim of defendant against Caphelmac is clearly one against “ the person beneficially interested” and certainly could have been allowed as a counterclaim for damages arising out of defects in the house in an action brought by Caphelmac against defendant for said sum of $1,450 representing a balance due and owing from defendant to Caphelmac for the purchase price of the house. As stated in Kelly v. Rathburn (265 App. Div. 883), “ The fact that the defendant’s counterclaim is against a person not a party to the action is not sufficient to warrant a dismissal thereof. The counterclaim may be maintained against this plaintiff up to the amount of plaintiff’s demand. (Civ. Pr. Act, § 267, subd. 3.) ” Accordingly, defendant’s claim may be asserted as a counterclaim in this action to the extent of the amount of plaintiff’s claim of $1,450.
Upon consideration of the extensive evidence presented, the court finds that the reasonable cost to repair the defects existing in the house purchased by defendant from Caphelmac at the time of purchase is the sum of $500. . This sum is allowed as a counterclaim in reduction of plaintiff’s claim against defendant of $1,450 which the court has found to be due and owing from defendant to plaintiff.
Accordingly, judgment is directed in favor of plaintiff against defendant for $950 with interest thereon from January 7, 1972, plus costs.