Charles H. Cohen-, J.
After trial, the court, in accordance with its decision on the record, directed judgment in favor of plaintiff against defendant for breach of contract relating to repairs to be made on a certain automobile by defendant. Other causes of action for fraudulent misrepresentation and for conversion of the automobile were not sustained. With respect to the conversion cause of action, the court found for the defend-. ant, since plaintiff failed to prove damages. At the same time, the court directed judgment in favor of plaintiff against defendant on the latter’s counterclaim for work, labor and services relating to these repairs.
Plaintiff has now submitted a proposed judgment not only providing for the recovery of damages against defendant as set forth in the court’s decision, but also containing the following provisions:
*709 ‘ ‘ Ordered and adjudged, that Plaintiff, Max Tollin is the rightful owner and holder of title to a 1969 Lincoln Continental Mark 111, Serial #9Y89A904094, and it is further
“ Ordered and adjudged, that the defendant, James Elleby, d/b/a J &W Auto Services, is directed to deliver possession of said 1969 Lincoln Continental Mark 111, Serial #9Y89A904094, to plaintiff at defendant’s premises located at 10970 Van Wyck Expressway, Ozone Park, New York 11420 ”.
This proposed judgment was submitted to the Clerk and referred to the court. Upon noting that the proposed judgment contained these provisions which granted relief not requested at the trial, the court advised that notice of this proposed judgment should be given to defendant. Plaintiff’s attorneys then simply gave notice of settlement of this proposed judgment to defendant’s attorney without making any formal motion. Defendant’s attorney responded by a letter which simply asked that the quoted paragraphs of the proposed judgment be deleted, adding that ‘£ The ownership and the right of possession of the car was not an issue in the trial. Your decision was based merely on breach of contract”. Nevertheless, a proper disposition of this matter requires consideration of some interesting problems, and analysis of the applicable law.
It is true, as stated on behalf of defendant, that the court’s decision was based on breach of contract. Yet, a question remains whether, upon application now being made for the first time, the record will support the judgment now being sought (see CPLE art. 71); and, if so, whether this application may, or should, be granted. Actually, the cause of action for conversion did involve the £ £ ownership and right of possession of the car ”.
While plaintiff has not made a formal motion which would have put the issues in better focus, it is clear that plaintiff wants possession of the automobile. At the trial, defendant conceded that plaintiff had title to the automobile and withdrew his affirmative defense claiming ownership. Defendant declared that his right to possession of the automobile was not based upon a claim of title but upon a claim that he had a mechanic’s lien on the automobile for work, labor and services performed. (Although called a ££ mechanic’s lien” by defendant, he presumably means a lien as set forth in sections 180 or 184 of the Lien Law and not a mechanic’s lien referred to in section 8 et seq. of the Lien Law. Since the court resolved this matter in favor of plaintiff, the latter would seem to be entitled to possession of the automobile.
*710 As noted above, plaintiff did bring an action for conversion. Plaintiff did not prove damages, the fair and reasonable market value of the automobile at the time of the conversion (Bankers Commercial Corp. v. Mittleman, 21 Misc 2d 1096), and this cause of action was not sustained. In seeking to recover possession of the automobile itself, a question is presented as to whether recovery is barred by the doctrine of election of remedies described in American Woolen Co. v. Samuelsohn (226 N. Y. 61, 66) as follows: “ An election of remedies takes place when a choice is exercised between remedies which proceed upon irreconcilable claims of right.
£ ‘ When an election is made between such claims, with full knowledge of all the facts, ah action may not thereafter be maintained upon the inconsistent claim.”
It is observed that this doctrine is one which is being limited in its application, both by legislative mandate in certain situations (CPLR 3002) and by the courts in others (Plant City Steel Corp. v. National Mach. Exch., 23 N Y 2d 472; Cohn v. Lionel Corp., 21 N Y 2d 559; Smith v. Kirkpatrick, 305 N. Y. 66; Roberts v. Grandview Dairy, 20 A D 2d 574; Katcher v. Browne, 19 A D 2d 744). As stated in Smith v. Kirkpatrick (p. 74, supra), this doctrine “is a harsh one and should not be extended.” It is aimed primarily at avoiding unjust enrichment, double recovery and undue harassment, considerations not present here. Thus, even if regarded as inconsistent remedies, there would be no impediment to plaintiff’s asserting both a cause of action for conversion and another for the recovery of the chattel. Indeed, CPLR 3014 specifically permits separate causes of action to “be stated regardless of consistency”. Plaintiff, of course, could recover on no more than one, and, in the present posture of this matter (having failed to recover in the conversion action as a consequence of his failure to prove damages), may have the opportunity to prevail only in the other.
In any event, even when this doctrine was more readily acceptable, the assertion of a cause of action for conversion and another for the recovery of the chattel claimed to have been converted was not regarded as a breach of this doctrine, it being stated in Cramer v. Brownell (166 App. Div. 456, 458) that ‘ ‘ trover and replevin all proceed upon the theory of continued ownership in the injured party, and are not inconsistent remedies.” (See, also, Biltmore Knitwear Corp. v. Chalfin, 176 Misc. 197.) (Actually, these remedies are not inconsistent because based on “ continued ownership ” but, rather, based on the “ right to possession ” (CPLR 7101). (See Prosser, Torts [4th *711 ed.], § 15.) That is to say, these remedies do not “ proceed upon irreconcilable claims of right.” (American Woolen Co. v. Samuelsohn, 226 N. Y. 61, 66, supra.)
That, plaintiff has already failed to recover in the conversion action — for lack of proof of damages — would not, of itself, bar the assertion of a new. action to recover this automobile where, as here, plaintiff is the owner with the right to possession. (Cramer v. Brownell, supra; Biltmore Knitwear Corp. v. Chalfin, supra.) If plaintiff had lost for the reason that he failed to show a right to possession, he could not prevail in a subsequent action to recover possession of the automobile since, under the principle of collateral estoppel, the determination of an issue in a prior action which is necessarily decisive of the subsequent action after full and fair opportunity to contest the prior decision, could not be litigated again between the same parties in a later lawsuit. (Schwartz v. Public Administrator, 24 N Y 2d 65; Howard v. City of New York, 38 A D 2d 89, affd. 31 N Y 2d 850.)
However, as already noted, plaintiff lost that cause of action only because he failed to prove damages. During the course of the trial, defendant conceded that plaintiff is the owner of the automobile. Defendant withdrew an affirmative defense alleging ownership of the automobile and asserted a right to possession only by virtue of a claim of lien arising out of work allegedly performed on the automobile, and not by claim of title. By reason of the court’s decision directing judgment in favor of plaintiff against defendant on the counterclaim (which direction is, strangely enough, not included in plaintiff’s proposed judgment), a determination has, in effect, been made that defendant has no lien on the automobile. Thus, the only basis for defendant’s claim to possession of the automobile, admittedly owned by plaintiff, has disappeared. In a new action to recover possession of the automobile, plaintiff would be entitled to a declaration awarding possession of the automobile to him under the principle of collateral estoppel. (Schwartz v. Public Administrator, supra; Howard v. City of New York, supra.)
Plaintiff failed to seek this relief before the trial of this action and, even now, has not formally moved for this relief. He merely seeks this relief in the proposed judgment submitted to the court, which must now determine whether this failure on the part of plaintiff bars the granting of his request.
The court observes that the granting of this relief would not surprise or prejudice defendant. The latter has already conceded that plaintiff owns the automobile and the court has *712 already decided that defendant has no lien which would entitle him to possession. The court cannot conceive of any evidence regarding plaintiff’s right to possession that any party would have presented had a cause of action for the recovery of the automobile actually been asserted originally or by amendment. (See CPLR 3025, subd. [c].) Accordingly, while a formal motion to amend would have been a preferable procedure, where, as here, there is no surprise or prejudice to defendant and the right to possession in plaintiff is not only clear but would even be mandated by the principle of collateral estoppel, a cause of action to recover possession of the automobile may now be asserted in this lawsuit; and, if there is sufficient evidence in the record to support such a cause of action, judgment to that effect should be granted. For a discussion of the considerations involved in the belated adding of causes of action after the trial of an action, see Helman v. Dixon (71 Misc 2d 1057, 1061-1062).
There still remains the problem as to whether the record will support a judgment awarding possession of the automobile to plaintiff. CPLR 7108 (subd. [a]) states that “judgment shall award possession of each chattel to the prevailing party * * * and where the person awarded possession is not in possession when judgment is entered, it shall in the alternative, award the value of each chattel at the time of trial ”. There is nothing in the record to support a finding of the value of the automobile at the time of trial. Since the provisions for the fixing of such value would seem to be for the benefit of plaintiff, the court at first was inclined to find a waiver on the part of plaintiff and simply direct entry of judgment awarding possession to plaintiff without the fixing of this value. However, apparently for the reason that the plaintiff might dispose of the chattel pending an appeal resulting in a reversal of that judgment (Raynore v. Drake, 116 Misc. 307), this alternative provision must be included, and a judgment awarding possession without such a provision is defective. (Arwin Sportswear Co. v. Salerno, 273 App. Div. 882; Hoeflich v. Kreeger, 271 App. Div. 871; Kram v. Manufacturers Trust Co., 238 App. Div. 680; cf. St. Germain v. Advance Fireproof Stor. Warehouse Corp., 44 Misc 2d 719.) Thus, there being no proof of such value, the court cannot, at this point, direct entry of judgment awarding possession of the automobile to plaintiff.
Yet, before relegating the parties to. a new action for the .resolution of this matter, consideration should be given to CPLR 7108 (subd. [c]) which states: “If the jury shall fail to fix *713 any sum required to be fixed by this section, such sum shall be fixed by a jury empanelled for the purpose upon motion made before the judge who presided at the trial within fifteen days after verdict
If a motion could be made to empanel a jury for the purpose of fixing value after a jury trial, there would seem to be no reason why a motion could not be made for a determination of the issue of value after a trial before the court without a jury where the court failed to fix the value of the chattel. Of course, no proof of value of the automobile at the time of trial was given since no cause of action for the recovery of the automobile was before the court. Since this is the only item of proof needed to support a judgment awarding possession of the automobile— all other issues being determined by the principle of collateral estoppel — if plaintiff complies with CPLR 7108 (subd. [c]) and then submits appropriate proof of value, this matter may then be disposed of promptly in this lawsuit without further litigation. (See Helman v. Dixon, 71 Misc 2d 1057,1062, supra.)
The court notes that CPLR 7108 (subd. [c]) requires that the motion be made “ within fifteen days after verdict ”. The court’s decision in a case tried without a jury is the equivalent of a verdict. (See 8 Carmody-Wait 2d, New York Practice, § 60:1.) While the 15-day period from the entry of the court’s original decision has apparently expired, that decision, to the extent it may be contrary to this decision (and to that extent only), is set aside (CPLR 4404, subd. [b]). Accordingly, the 15-day period for the making of such a motion will be governed by the entry of this decision.
Under this decision, the previous findings of fact of the court remain, with judgment to be entered in favor of plaintiff against defendant for breach of contract in the amount as previously stated, and on defendant’s counterclaim; and in favor of defendant against plaintiff on the cause of action for fraudulent misrepresentation, and on the cause of action for conversion as a consequence only of failure to prove damages. Also, plaintiff may enter judgment against defendant on a cause of action to recover possession of the automobile in question in the form as stated in CPLR 7108 upon its value being fixed after moving under CPLR 7108 (subd. [c]). The court observes that unless there is proof that the automobile is unique, there can be no direction that it be delivered. (See CPLR 7109.) If value is not fixed under CPLR 7108 (subd. [c]), then judgment will, be entered without any provision relating to the possession of the automobile, upon application being made hereafter.