OPINION OF THE COURT
Aaron D. Bernstein, J.
This is an action in replevin to recover a 1976 Lincoln Town Coupe. As a second cause of action, the plaintiffs seek the sum of $5,000 for property damage to said automobile, caused by the defendant. As and for its counterclaims against the plaintiffs, defendant alleges that it is entitled to $6,000 for the *793 plaintiffs’ breach of contract and $6,000 as the reasonable value of the repairs rendered to plaintiffs’ automobile.
A review of the facts indicates that on the night of September 22, 1977, the plaintiffs’ automobile was stolen, but that it was subsequently located the same evening by the police department, near 82 Dwight Street, Brooklyn. Upon his arrival, Alfred Walden, one of the plaintiffs, found a tow truck belonging to the defendant already on the scene. Some time thereafter, the automobile was towed to the defendant’s auto body shop with the express authorization of Alfred Walden. From this point on, the accounts of what occurred differ markedly.
According to the plaintiff, the car was towed to the defendant’s shop with the understanding that the defendant would act as plaintiffs’ designated representative for purposes of negotiating the collision loss with the insurance company, but that the defendant would not undertake, nor would it be authorized, to repair any part of the automobile. In substantiation of his claim, the plaintiff admitted signing the authorization to tow and the designated representative authorization, but denied ever having signed the authorization to repair.
In contraversion to plaintiffs’ claims, the defendant’s owner testified that the plaintiff signed all three of the authorizations described above; that with the exception of installing the radio back into the dashboard and installing new upholstered seats, the repairs have been completed. Furthermore, he stated that he had agreed to make all of the repairs listed on the appraisal report prepared by the insurance company, for $6,100.
After trial, the court finds that there is no question that the plaintiffs are the owners of the car and therefore are entitled to a judgment awarding them possession of the automobile described in the complaint. However, the plaintiffs’ second cause of action for property damage in the sum of $5,000 must be dismissed, since the plaintiffs did not offer any evidence at the trial in order to substantiate this allegation.
Concerning the counterclaims of the defendant, the court does not credit any of the testimony of either of the defendant’s employees regarding the purported execution by the plaintiff of the authorization to repair. Rather, the court credits the plaintiff’s version of what transpired on the night of September 22, 1977. The court realizes that the disputed signature on the authorization to repair is almost identical in *794 every detail with the two concededly valid signatures. However, the court concludes and finds that any signature secured by the defendant on the contract to repair was procured by fraud and contrary to the express declaration of the plaintiff. Notwithstanding the defendant’s fraud upon the plaintiff, it would be unfair and grossly inequitable to allow the plaintiff to have the benefit of the repairs which have already been made to his automobile, without paying for them. This is especially so since there is no proof that the defendant participated in the fraud perpetrated by its employees, and since the plaintiff anticipated making these repairs.
The court finds that the value of the work which has not been done is $2,242, computed as follows: (1) $2,032 for the car seats and radio, and (2) $210 for additional labor required. The amount of man hours set forth in the contract to complete the above-described work is five. However, the defendant testified that he would require an additional 10 man hours to install the dashboard and check all of the gauges, all at the rate of $14 per hour. Accordingly, the court awards judgment to the defendant on its counterclaims in the sum of $3,758, as the reasonable value of the repairs already made by the defendant.
There still remains the problem as to whether the record will support a judgment awarding possession of the automobile to the plaintiffs. CPLR 7108 (subd [a]) states that "judgment shall award possession of each chattel to the prevailing party * * * and where the person awarded possession is not in possession when judgment is entered, it shall in the alternative, award the value of each chattel at the time of trial”. There was no evidence offered at the trial to warrant or support a finding of the value of the 1976 Lincoln Town Coupe at the time of trial. A judgment awarding possession in a replevin action which does not also include this alternative provision that fixes the value of the chattel at the time of trial is defective (Clements v Walker, 2 Misc 2d 400; New York Yellow Cab Co. Sales Agency, v Courtlandt Garage & Realty Corp., 223 App Div 44). Thus, there being no proof of such value, the court cannot, at this point, direct entry of judgment awarding possession of the automobile to plaintiff.
However, the plaintiffs may avoid the necessity of relitigating their replevin claim by moving pursuant to CPLR 7108 (subd [c]) and submitting appropriate proof of the automobile’s value (Tollin v Elleby, 77 Misc 2d 708). Such a motion must be *795 made within 15 days from the date of entry of this decision. If such value is fixed under CPLR 7108 (subd [c]), then the plaintiffs may enter judgment on their cause of action to recover possession of the automobile in question.