■ COLONIAL FUNDING CORP., Respondent, v BON JOUR INTERNATIONAL, LTD., Appellant.—In an action, *inter alia*, for replevin of two embroidery machines, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Luciano, J.), entered August 7, 1987, which (1) is in favor of the plaintiff and against it in the principal sum of $176,409.08, (2) deems the judgment satisfied to the extent of $35,275 in the event that the defendant delivers to the plaintiff a "Tajima Embroidery Machine, Model TMBE612, complete with standard spare parts and accessories, s/n 0727, complete and in good order and condition, reasonable wear and tear alone excepted" within a specified time, and (3) deems the judgment satisfied to the extent of $36,125 in the event that the defendant delivers to the plaintiff a "Tajima Electronic Multi Head Embroidery Machine, Model 612 with optional ATC and all stands and spare parts, s/n 1063, complete and in good order and condition, reasonable wear and tear alone excepted" within a specified time.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and a new trial is granted solely with respect to damages and counsel fees as alleged in the complaint; the findings of fact as to the defendant's liability on the plaintiff's causes of action and as to the affirmative defenses and the counterclaim are affirmed.

On March 16, 1981, the plaintiff, as lessor, and the defendant, as lessee, executed two leases. Each of the leases pro-

vided for the rental of an embroidery machine. At the expiration of the terms of the two leases, the plaintiff requested the return of the machines. Upon the defendant's refusal to return the machines, the plaintiff commenced the instant action. The complaint contained six causes of action. In the first and fourth causes of action, the plaintiff sought "immediate possession of" each chattel, "and in case possession thereof [could] not be delivered" to it, damages in the respective amounts of $35,275 and $36,125. In the second and fifth causes of action, the plaintiff alleged that it was entitled to rental payments for the two pieces of equipment during the period of time that defendant wrongfully detained them. In the third and sixth causes of action, the plaintiff, pursuant to the terms of the lease, sought counsel fees incurred in its suit.

The defendant's answer contained two affirmative defenses and a counterclaim which alleged, *inter alia,* that (1) the plaintiff had represented to the defendant that the defendant had an option to purchase each machine for $1 at the expiration of each lease term, (2) that this representation was "false and fraudulent" and was made by the plaintiff in order to induce the defendant to sign the leases, and (3) the leases should be reformed in accordance with the plaintiff's representation.

Following a nonjury trial, the Supreme Court rejected the defendant's claim of fraud and its counterclaim for reformation, and directed the defendant, which is concededly in possession of the machines, to return them to the plaintiff. We agree with the Supreme Court's determination that the defendant did not meet its burden of establishing fraud, in view of the "equivocal and contradictory evidence produced in this case" *(see, Chimart Assocs. v Paul,* 66 NY2d 570; *Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 219-220). The Supreme Court also properly determined, based upon the evidence adduced, that the machines had to be returned by the defendant to the plaintiff. In a purported attempt to comply with CPLR 7108, the Supreme Court fixed the value of the two machines, in accordance with the testimony of plaintiff's witness, at $35,275 and $36,125, respectively. In this regard CPLR 7108 provides, in pertinent part, as follows:

"§ 7108. Judgment; execution in certain cases; enforcement by contempt.

"(a) Generally. Damages for wrongful * * * detention * * * of a chattel may be awarded to a party. * * * [J]udgment shall award possession of each chattel to the prevailing party

* * * and where the person awarded possession is not in possession when judgment is entered, it shall in the alternative, award the value of each chattel at the time of trial".

However, it has been consistently held that a judgment entered pursuant to CPLR 7108 which does not, in the alternative, fix the value of the chattel at the time of trial, is defective *(New York Yellow Cab Co. Sales Agency v Courtlandt Garage & Realty Corp.,* 223 App Div 44; *Garfinkel & Steinberg Corp. v Bandlers Sutphin,* 252 App Div 858; *Wilson v Kellerd,* 189 NYS 161; *Walden v Vera's Auto Body Serv.,* 94 Misc 2d 792, 794). In the instant case, the value of the machines at the time of trial was never established. The only evidence adduced, which was accepted by the court, concerned the value of the equipment at the time of the commencement of the action, which was almost two years before trial. Accordingly, a new trial on this issue is granted *(Porter v Wertz,* 68 AD2d 141, *affd on other grounds* 53 NY2d 696; *New York Yellow Cab Co. Sales Agency v Courtlandt Garage & Realty Corp., supra; Garfinkel & Steinberg Corp. v Bandlers Sutphin, supra;* 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 7108.16).

With respect to the plaintiff's right to rental payments from the expiration of the lease until the trial, the plaintiff was of the view at the trial that it was entitled to rental payments for this period in the amounts specifically provided for in the two leases. The Supreme Court agreed with the plaintiff, relying on paragraph 26 of each lease, which provides, in pertinent part, as follows: "26. FAILURE TO RETURN PROPERTY AS EXTENSION OF LEASE: If, upon the expiration of the full term of this lease as above provided for, the Lessee does not immediately return the leased property to the Lessor, and the Lessor does not request its return, then the leased property shall continue to be held and leased under and in accordance with the conditions in this agreement contained, and this agreement shall thereupon be extended indefinitely as to term". The Supreme Court erred in relying on paragraph 26 of each lease, since that paragraph only applies when the lessor does not request the return of the machine. In the instant case, the plaintiff requested the return of the machines. Consequently, the plaintiff was only entitled to the fair market rental value of the equipment for this period *(Chamberlain v Pratt,* 33 NY 47; *Michalowski v Ey,* 7 NY2d 71, 74), although the rental agreement may be considered in determining such fair market rental value. Accordingly a new trial should be granted on this issue as well.

Finally, with respect to the issue of counsel fees, as alleged

in the third and sixth causes of action, the plaintiff relied on paragraph 17 of each lease which provides in pertinent part as follows: "INTEREST AND EXPENSES: Should Lessee fail to pay any part of the rent herein reserved or any other sum required to be paid by Lessee to Lessor hereunder, Lessee shall pay Lessor * * * attorney's fees of twenty (20%) percent on the balance due". The record supports the Supreme Court's determination that this provision was reasonable *(Equitable Lbr. Corp. v IPA Land Dev. Corp.,* 38 NY2d 516). However, the total award of counsel fees granted to the plaintiff was based on the erroneous amount of damages awarded by the Supreme Court to the plaintiff on its first, second, fourth and fifth causes of action. Accordingly, the award of counsel fees must be set aside and a new award of counsel fees should be made at the completion of the new trial on damages. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.